# CHARLESTON.

## TAVENNER v. MOREHEAD.

Submitted June 14, 1895—Decided Nov. 16, 1895.

1. MALICIOUS PROSECUTION—DECLARATION.

   A declaration for malicious arrest or prosecution must set forth the alleged malicious conduct of the defendant on which it is predicated, otherwise it is demurrable.

2. CONTEMPT OF COURT—FALSE IMPRISONMENT—MALICIOUS PROSECUTION.

   A rule for contempt is the judicial act of the court issuing it, and therefore can not be the foundation for an action for false imprisonment, however erroneously issued, but may be for malicious prosecution, provided the application for the same is without probable cause, actuated by impure and malicious motives, and founded on falsehood or misrepresentation.

MILLER & WHITE for plaintiff in error, cited 2 Bouvier's Law Dict. p. 140; Barton's Law Practice; Hilliard on Torts; Barton's Law Practice, vol. 1. p. 185; Amer. & Eng. Ency. of Law, vol. 7, p. 66, and 664; 16 Gratt. 73; 4 Minor's Inst. p. 392, 398; 1 Barton's Law Prac. p. 388; 4 Minor's Inst. p. 1443; 18 W. Va. 1 and 44; 22 W. Va. 234 and 242; 28 Gratt. 891; Hogg's Plead. & Forms, 337-339; 1 W. Va. 53; 28 Fed. Rep. 351; 58 Iowa, 447; 64 Cal. 284; 27 Am. State Reports, 184; 1 Hilliard on Torts, p. 199; 30 Am. St. R. 45; 2 Hilliard on Torts, pp. 168, 170-1-3; 1 Kelley's Stat. Ch. 43, p. 405 and note; 32 Eng. Com. Law Rep. 415; 24 W. Va. 416; 2 Va. Cases, 408; 21 Fed. Rep. 771; Code, c. 130, s. 25; Id. c. 50. s. 3; 1 Rob. (Old) Prac. p. 253-4; 16 Am. Rep. 528, 3d Syl; 19 Fed. Rep. 812; 24 Fed. Rep. 726; 2 Beach Mod. Eq. Prac. § 892; 113 Mass. 411; 4 Paige, 360; 24 W. Va. 279; 16 W. Va. 864; 13 Gratt. 57; 25 W. Va. 139.

JOHN A. HUTCHINSON, for defendant in error, cited 89 Eng. Com. Law Rep. 467; 4 Rob. Prac. 680, 681; 1 Hill. Torts, 443; 1 Chit. Plead. 388; 2 Wilson, 302; 7 Am. Dec. 603; 8 Id. 674; 30 Id. 611; 1 Hil. Torts, 443; 3 Law. R. &

Rem. § 1081; 8 Ohio St. 548; Cooley, Torts, 187, 188; 3 Gill. & John. 378; 4 Bingh. (N. C.) 212; 38 Me. 527; 4 Camp. 213–14, 526; 1 Jones (Pa.) 82; 18 W. Va. 1; 20 Am. Dec. 96; 12 Conn. 226; 8 Watts, 240; 12 Am. Dec. 268; 1 Am. Lead. Cas. (4th Ed.) 209, 211; 2 Wilson, 145; 2 Dev. & Bat. 360, 363; 3 Leigh, 561; 3 Moore & Payne, 12; 8 C. & P. 11, 18; 16 Pick. 478, 490; 5 B. Mon. 544; 21 Fed. Rep. 761.

DENT, JUDGE:

John T. Tavenner brought an action of trespass on the case against Roberta E. Morehead in the Circuit Court of Wood county on the 11th day of July, 1893. Such proceedings were had in the case that after two trials thereof judgment was finally entered for the plaintiff on the 15th day of July, 1891, for the sum of three hundred dollars, from which an appeal and supersedeas was obtained by the administrator of the defendant, she having died after judgment entered. The following errors are assigned: (1) The overruling the demurrer to the declaration; (2) refusal to sustain the motion in arrest of judgment; (3) and to grant the defendant a new trial.

The declaration is as follows: " John T. Tavenner complains of Roberta E. Morehead, who has been duly summoned, of a plea of trespass on the case, *not* that, whereas, the defendant, heretofore, to wit, on the 25th day of June, in the year 1887, at the county aforesaid, not then having any reasonable or probable cause of action or proceeding whatsoever against the said plaintiff, for which the said defendant caused the plaintiff to be maliciously arrested, as hereinafter mentioned, but wrongfully and unjustly contriving and intending to imprison, harass, and injure the plaintiff, falsely and maliciously caused and procured to be sued and prosecuted out of the Circuit Court for the county of Ritchie, in the said state, a certain order and attachment in two certain suits in chancery then pending in said court wherein the said Roberta E. Morehead was complainant and John T. Tavenner was defendant in one of said suits, and in the other Roberta E. Morehead was complainant and Eliza W. McCandish defendant, at the suit of the said defendant against the said plaintiff, which

said order and attachment was directed to the sheriff of Wood county, or to any officer to whom the said order might come, by which said order so issued by the said Circuit Court of Ritchie county, the said sheriff, or any officer to whom the said order might come, was commanded and required to attach the body of the said plaintiff, John T. Tavenner, and have him before the said Circuit Court of Ritchie county, on the 27th day of June, 1887, at eleven o'clock a. m. And the said defendant, contriving and intending as aforesaid, afterwards, to wit, on the 27th day of June, 1887, at the county of Wood aforesaid, falsely and maliciously and without any reasonable or probable cause of action or proceeding whatsoever against the said plaintiff, caused and procured the said order and attachment to be executed by B. F. Stewart, deputy for Samuel Stewart, sheriff of Wood county, by arresting the plaintiff by his body under and by virtue of said order and attachment so issued as aforesaid, and to be thereupon imprisoned and kept and detained in custody by said deputy sheriff for a long space of time, to wit, for the space of twenty four hours then next following and until the said plaintiff, in order to procure his release and discharge from said custody and imprisonment, was forced and obliged to, and did afterwards, to wit, on the 28th day of June, 1887, at the county of Ritchie aforesaid, appear before the said Circuit Court of Ritchie county in his own proper person, and was by the said defendant caused and procured to be kept and detained in custody until he, the said plaintiff, was required to and did enter into his personal recognizance in the penalty of fifty dollars conditioned for his personal appearance before the said Circuit Court of Ritchie county on the second day of the then next term of the said last-mentioned court, which recognizance the plaintiff then entered into before said Circuit Court for the purposes aforesaid. Whereas, in truth and in fact the said defendant, at the time of suing forth the said order and attachment, and of the said arrest, detention, and imprisonment, had not any reasonable or probable cause of action or proceeding against the said plaintiff for any alleged contempt or otherwise for which she, the said

defendant, so caused the plaintiff to be arrested and held to bail as aforesaid, or whereby or for which he, the said plaintiff, by the law of the land or by the practice of the said Circuit Court of said Ritchie county, could or ought to have been arrested or imprisoned or held to bail as aforesaid. And the plaintiff further says that such proceedings were thereupon had upon said order and attachment that afterwards, to wit, on the 18th day of October, 1887, the said Circuit Court of Ritchie county considered and ordered that the said rule upon which the said order and attachment, had been issued, and the said order and attachment be and the same were dismissed, and the said plaintiff was discharged therefrom and that the said plaintiff be and he was discharged, and that the plaintiff (the then defendant) recover from the said Roberta E. Morehead his cost about his said defence expended. And the said action and order and attachment so *persecuted* and caused to be *persecuted* by the said defendant was and is by means of the premises and according to the course and practice of the said Circuit Court of Ritchie county and according to law wholly discharged, ended, and determined, to wit, at the county aforesaid; by means of which several premises the said plaintiff, whilst he was so under arrest, in custody, and imprisoned as aforesaid, not only suffered great pain of body and mind, and was greatly exposed and injured in his credit and circumstances, and was hindered, detained, and prevented from performing and transacting his lawful affairs and business, to wit, his business of merchandising in the city of Parkersburg, Wood county, aforesaid, and affairs connected therewith, by him during that time to be performed and transacted, but was also forced and obliged to lay out and expend in going from Parkersburg to Ritchie court-house and remaining there and returning; the first on the occasion of his said arrest and the second on the occasion of his making his appearance in discharge of his said recognizance, and did necessarily lay out and expend divers large sums of money in making said trips, hotel bills and other expenses, amounting to about the sum of five hundred dollars, and also in the sum, to wit, of five hundred dollars in fees and expen-

ses in and about procuring his release and discharge from said arrest and imprisonment, and hath been and is by means of the premises otherwise greatly damaged, to wit, in the sum of one thousand dollars; and therefore he brings this suit."

The question presented is as to whether this is a good declaration for malicious prosecution, or, as plaintiff's counsel insists on calling it, for malicious arrest. It is not a good declaration for false imprisonment, as it shows on its face that the attachment complained of was issued and executed by competent legal authority. This being the case, an action for false imprisonment would not lie, for the gist of such action is the illegal detention of a person without lawful process or by unlawful execution of such process. Neither of these things are alleged in the declaration. On the contrary, it appears that it was issued by a court having jurisdiction, and executed by the proper officer, and in a proper manner; hence the declaration must be regarded as a declaration for malicious prosecution, and examined in the light of the rules governing such cases.

An action for malicious prosecution does not lie where the arrest complained of is without legal authority, but only lies where a person without probable cause uses lawful process to vent his private malice or spleen, to oppress, harass, or gain some undue advantage over his legal opponent. The gist of the action is the want of probable cause and the maliciousness of the defendant's conduct. *Vinal* v. *Core*, 18 W. Va. 1; *Hale* v. *Boylen*, 22 W. Va. 234; *Brady* v. *Stiltner* 40 W. Va. 289 (21 S. E. 729). Therefore it becomes necessary to set forth in the declaration the conduct of the defendant on the falseness and maliciousness of which the plaintiff relies, for the defendant would have the right to controvert such allegation, and show that he was not guilty of the false conduct attributed to him, and hence free from malice; or, if such conduct would not bear the imputation of falseness attributed by the plaintiff, could demur thereto as insufficient to sustain the plaintiff's action. The declaration under investigation simply says that the defendant "falsely and maliciously caused and procured to be sued and prosecuted out

of the circuit court for the county of Ritchie, in the said state, a certain order and attachment in two certain suits in chancery then pending in said court." What false or malicious thing the defendant did, nowhere appears. Did she file a false affidavit, or make a false statement to the the court to induce it to act in a matter of its jurisdiction? If so, what was it? How did she deceive the court? The circuit court has a right to punish for contempt of its process, or disobedience to its order or decree. 2 Tuck. Comm. 496. Wherein, then, was the defendant guilty of falsely and maliciously obtaining the lawful process of the court? It is the duty of the plaintiff to inform her in his declaration, so that she may be prepared with her defense. For a proper form in such cases, see 1 Bart. Law Prac. p. 338; Hoggs, Pl. & Form, 337. The demurrer to the declaration should have been sustained.

The next question is, can it be so amended, in the light of the facts disclosed by the evidence, as to make it a good declaration for malicious prosecution? The undisputed facts contained in the record are as follows, to wit: The defendant, Roberta E. Morehead, had two chancery suits pending in the circuit court of Ritchie county removed from the circuit court of Wood county. The plaintiff was a defendant in one of these suits. The court referred the cases to commissioners residing in Wood county, to ascertain the dower of said Morehead in certain properties, with authority to the commissioners to hear any evidence produced by the parties to the suit. She, desiring the evidence of said Tavenner in her behalf touching the value of her dower, caused two separate subpœnas to be served on him to appear before C. M. Enright, a notary public of Wood county, at certain times and place fixed, and give his evidence in relation to the matter. He says that in accordance with the advice of his counsel he refused to obey, and wholly disregarded these subpœnas. The notary, at the instance of Mrs. Morehead, reported this refusal on his part to the commissioners and to the circuit court of Ritchie county. Mrs. Morehead, by her counsel, suggested to the court that such conduct on the part of Tavenner was in contempt of the process of the court, and moved for a rule against him

to show cause, if any he could, why he should not be punished for such contempt. Tavenner, still acting on the advice of counsel, disregarded this rule; and on the return day thereof, he failing to appear, the court issued an attachment for him. The officer informed him of the attachment, and he signified his willingness to go. The officer saw that he got on the train, took his word for it, and let him go alone. He made his appearance in court, and gave his bond for his appearance at a future term. In the meantime, in obedience to the order or requirement of the court, he gave his testimony before the commissioners. On a final hearing of the matter the court dismissed the rule and attachment, and gave judgment against Mrs. Morehead for costs. Tavenner filed his answer to the rule, in which he admitted that he had refused to obey the subpœnas issued by the notary, but claimed that in doing so, if he was guilty of contempt at all, it was not of the circuit court of Ritchie county, but of the notary, and that for such contempt he was not punishable by the circuit court of Ritchie, but by the circuit court of Wood county, under section 27, chapter 130, Code. This is probably the ground on which the circuit court acted in dismissing the rule and attachment. The plaintiff's action for malicious prosecution is founded on the fact that the defendant mistook the court in which she should have proceeded against him for his contempt in disobeying the process of the notary. That she had the right to have him punished for his contempt, and also his attorneys for so counseling it, they being officers of the court, is beyond question, but she made her application to the wrong tribunal. How did she make it? She presented the report of the notary setting forth the facts to the circuit court of Ritchie, suggested that the conduct of Tavenner was in contempt of that court, and moved for a rule against him to show cause why he should not be punished for such contempt. He disregards the rule, and an attachment follows. If these facts had been fully set out in the declaration, would the plaintiff have had any cause of action? The circuit court has the right to punish for contempts of its process, decrees, orders, or authority. Code, c. 147, s. 27; *State* v. *Frew*, 24 W. Va. 416. A rule

in such cases does not issue as a matter of right, for it is not the litigant's rights that are affected, but it is the authority and integrity of the court which are involved. Hence a motion for such a rule is addressed to the sound discretion of the court, and can only issue as an act of the court. 2 Syl.; *State* v. *Frew, supra.* In the case of *Landt* v. *Hilts*, 19 Barb. 283, the law is laid down by the Supreme Court of New York to be as follows to wit: "Where a judicial officer has jurisdiction of the subject-matter, and it becomes his duty to act, whereupon he makes an order of arrest, such order will protect the party applying for it, and the attorney and all persons acting in obedience to the order, as well as the officer who makes it. And this whether the judge decides correctly or erroneously in holding that it is a proper case for granting an order of arrest. If he is called upon to make a determination upon the question, that is enough." In his opinion the presiding judge says: "The doctrine that a judicial officer is protected whenever he has jurisdiction, and enough is shown to call upon him for a decision, even though he errs grossly, and even intentionally, has long been firmly established. *Weaver* v. *Devendorf*, 3 Denio, 117; *Harmon* v. *Brotherson*, 1 Denio, 537; *Easton* v. *Calendar*, 11 Wend. 90; *Horton* v. *Auchmoody*, 7 Wend. 200; *Cunningham* v. *Bucklin*, 8 Cow. 178. Upon the principles of public policy, parties who in good faith institute the proceedings and act under and in accordance with the judicial determination, should be protected from accountability as trespassers whenever the officer is entitled to protection." This rule of public policy, as has been well said, "is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances without the risk of undue punishment for their own ignorance of the law, or for the errors of courts and judicial officers. The remedy of the party unjustly arrested or imprisoned is by the recovery of costs which may be awarded to him, or the redress which some statute may give him, or by an action for malicious prosecution in case the prosecution has been from unworthy motives and without probable cause."

*Teal* v. *Fissel*, 28 Fed. 351; *Marks* v. *Townsend*, 97 N. Y, 590; *Day* v. *Bach*, 87 N. Y. 56; *Miller* v. *Adams*, 52 N. Y. 409; *Mitchell* v. *State*, 54 Am. Dec. note 258; *Ball* v. *Rawles.* (Cal.) 28 Pac. 937; *Ross* v. *Hixon*, (Kan. Sup.) 26 Pac. 955.

There can be no question from these authorities that no action for false imprisonment could be maintained against the defendant. Nor is there anything in the evidence to show that she was actuated by an unworthy motive, without probable cause. She wanted the plaintiff's evidence and took the necessary legal steps to obtain it. He, acting in obedience to the advice of ignorant or vicious advisers, placed himself in a position of contemptuous disobedience to the law of the land. She then laid the facts just as they were, without falsehood or equivocation, before the court having control of the case, wherein she desired to use the plaintiff's evidence, and moved the court to punish the plaintiff for what she supposed to be a contempt of its jurisdiction, not through malicious or impure motives, but that she might compel him to appear and testify at such time and place as the court should designate. It was not his punishment or injury she sought, but his testimony, which she was legally entitled to have, and which he, in violation of law, was refusing to give; on consideration of which the court issued the rule, not merely because she applied for it, but because it determined that the conduct of the plaintiff was, *prima facie*, at least, in contempt of its authority. This was done, not to punish the plaintiff for contempt towards the notary, but because the court determined that the disregard of the notary's subpoena to testify in a case pending in the court was a contempt of the court. The rule shows this on its face, as it cites the plaintiff to appear and show cause why he should not be punished for contempt of the court; and not of the notary, as erroneously argued by plaintiff's counsel. The court having acted, it matters not whether such act is ignorantly or intentionally or ever so grossly erroneous. The defendant, not having been guilty of any false or malicious conduct or misrepresentation to induce such action, is not liable to the plaintiff's suit. The matter, thoroughly sifted, shows that the defendant was entitled to the remedy sought, but that

her counsel, not through malice, but oversight, applied to the wrong tribunal, and that the court on the first blush, when the facts were presented, was of the opinion that the disobedient conduct of the plaintiff was in contempt of its authority, and, as soon as the court was fully advised as to the law, it corrected its erroneous ruling. Taking advantage of this state of affairs, the plaintiff brings his suit, not because of any malicious conduct or false representation made by the defendant or her attorney, but because of a mere mistake of law committed at her instance by the circuit court of Ritchie county. There appears to be nothing in the case to sustain the charge of malice; on the contrary the facts repel it. It is true that the plaintiff, though never actually in the custody of the officer, when he found there was no escape from it, submitted himself to the law he had been contemptuously disregarding, and attended the circuit court of Ritchie county until released by the court from such attendance; and he claims that this was at a great expense, loss, and hardship to him, all of which he might have avoided had he been as zealous in obeying the law as he is now in invoking it in his favor. The defendant, for the mistake of law made at her instance, was compelled to pay the costs of the attachment proceeding, and this was certainly a sufficient punishment of her, in the absence of malice. It is therefore very plain from the law as applied to the facts shown in the record that the plaintiff's declaration can not be so amended as to entitle him to a recovery in this case unless there is other evidence of malice than that now presented.

For the foregoing reasons the judgment of the Circuit Court is reversed, the verdict of the jury is set aside, the demurrer to the declaration is sustained, and this case is remanded to the Circuit Court of Wood county, with leave to the plaintiff to amend his declaration if he desires to do so, and to be further proceeded in according to law.