## BLUCHER v. ZONKER.

[No. 2,456. Filed March 18, 1898.]

MALICIOUS PROSECUTION.—*Complaint.— Conviction.—* An averment in a complaint for malicious prosecution that plaintiff was convicted before the justice of the peace renders it bad on demurrer, unless it clearly appears from other allegations therein that such convic-tion was procured by fraud, collusion, perjury, or subornation of perjury.  *p. 617.* ·

SAME.—*Complaint.—Guilt of Plaintiff.—Probable Cause.—*A com-plaint for malicious prosecution is not aided by an averment that plaintiff was not guilty of any, crime as there may be probable cause although the accused is innocent.  *p. 618.*

From the De Kalb Circuit Court. *Affirmed.*

*D. M. Link* and *F. S. Roby,* for appellant.

*C. M. Phillips,* for appellee.

WILEY, J.—Appellant was plaintiff below and brought an action against appellee for malicious prosecution. Appellee assailed the complaint by a demurrer for want of sufficient facts which was sus-tained, and appellant excepted. Refusing to plead further, judgment was rendered against him for costs.

The assignment of error calls in question the ruling of the court in sustaining the demurrer to the complaint. The complaint avers that appellee caused appellant's arrest on a warrant issued by a justice of the peace, who had jurisdiction in the premises, upon the charge of criminal trespass; that he caused said arrest maliciously and without probable cause, and said warrant was issued upon the affidavit of appellee; that he was compelled to give bail for his appearance; that the cause was transferred to another justice of the peace, on a change of venue, where he was placed upon trial before a jury, was found guilty, and fined $5.00 and costs; that he thereupon appealed to the De Kalb Circuit Court, where he was subsequently acquitted. The complaint further states that appellant had not committed any crime, and that appellee and the attorney whom he employed to prosecute the case well knew such fact; that the sole purpose of said prosecution was to coerce appellant to settle a civil controversy between appellant and appellee; that the appellee, by his attorney, represented to said justice and jury, that the acts of appellant constituted a criminal offense; that the court and jury were unlearned in law, believed and placed confidence in the statements of said attorney, which were made with great force and persuasion, and relied upon them as being true, and, so relying, the jury found appellant guilty, and the justice rendered judgment against him; that said representations were untrue, as appellee and his attorney knew; that said attorney, as an inducement to the jury to convict appellant, informed them that if they did not convict, they would not get any fees; that because of such misrepresentations, deceit, imposition, and fraud, the appellant was convicted; that when said affidavit was filed appellee was notified by the deputy prosecuting

attorney, that the facts stated therein, did not constitute any offense, etc.

The averment in the complaint that the appellant was convicted before the justice of the peace, makes it bad on demurrer, unless it clearly appears from other allegations that such conviction was procured by fraud, collusion, perjury, or subornation of perjury. This proposition is conceded by the appellant in his brief.

In his work on Torts, Judge Cooley, at star page 185, says: "If the defendant is convicted in the first instance and appeals, and is acquitted in the appellate court, the conviction below is conclusive of probable cause." Newell Mal. Pros. 296 and cases cited. Of many adjudicated cases so holding we cite the following: *Griffis* v. *Sellars*, 4 Dev. & Bat. 176; *Whitney* v. *Peckham*, 15 Mass. 243; *Payson* v. *Caswell*, 22 Me. 212; *Witham* v. *Gowen*, 14 Me. 363.

In some of the states, however, the rule as announced by Judge Cooley, has been somewhat modified. If it appears that the conviction in the first instance was procured by fraud, etc., it is not conclusive of probable cause. *Welch* v. *Boston, etc., R. R. Corp.*, 14 R. I. 609; *Phillips* v. *City of Kalamazoo*, 53 Mich. 33, 18 N. W. 547; *Womack* v. *Circle*, 32 Gratt. 334.

In *Adams* v. *Bicknell*, 126 Ind. 210, it was said: "The decisions of the courts are not uniform upon the question presented, but we think the great weight of authority is to the effect that the judgment of conviction of the justice's court, though appealed from, and an acquittal in the circuit court, is, in the absence of fraud, conclusive of probable cause."

In *Bitting* v. *Ten Eyck*, 82 Ind. 421, the court said: "The conviction of the plaintiff is always evidence of probable cause, unless it was obtained chiefly or

wholly by the false testimony of the defendant; generally, it is conclusive of probable cause.    *    *    *
And it has been held sufficient evidence of probable cause to show that the plaintiff was convicted of the offense before a justice of the peace who had jurisdiction, although he was afterwards acquitted on appeal." After reviewing the authorities and discussing the principle involved, the court in *Adams* v. *Bicknell, supra,* concludes as follows: "If it was averred or shown by the complaint in this case that such conviction had been procured by perjury or subornation of perjury on the part of the appellee, or by any fraud or collusion on his part, it would present a different question, but it contains no such averment."

There is no averment in the complaint that the conviction before the justice of the peace was procured by perjury or subornation of perjury, on the part of the appellee.

The appellant has attempted to state facts in his complaint to show fraud and collusion on the part of the appellee in procuring his arrest, and prosecuting him thereunder, and that his conviction was the result of such fraud and collusion; but, in our judgment, the facts stated, are not sufficient to take the case out of the general rule, that a conviction before a justice of the peace is conclusive of probable cause. The facts stated do not show fraud or collusion.

The complaint is not aided by the averment that appellant was not guilty of any crime, for the existence of probable cause for a criminal prosecution does not depend on the guilt of the accused. *Lytton* v. *Baird,* 95 Ind. 349. There may be probable cause, although the accused is innocent. *Indiana Bicycle Co.* v. *Willis,* 18 Ind. App. 525; *Hays* v. *Blizzard,* 30 Ind. 457. See,

also, *Terre Haute, etc., R. R. Co.* v. *Mason,* 148 Ind. 578. The demurrer to the complaint was correctly overruled. Judgment affirmed.