# CHARLESTON.

HADDAD v. CHESAPEAKE & OHIO RAILWAY CO.

Submitted February 8, 1916.    Decided March 7, 1916.

1. MALICIOUS PROSECUTION — *Probable Cause—Proof—Conviction— Procurement by Fraud.*

   A judgment of conviction for larceny, although reversed on writ of error and the accused discharged from further prosecution on remand of the case, is conclusive evidence of probable cause for believing the acsused guilty of the offense charged to him, unless the conviction was procured by fraud; and on plaintiff in an action for malicious prosecution devolves the duty of averring and by convincing proof showing such fraud or other undue means. (p. 711).

2. SAME—*"Probable Cause."*

   Ordinarily, probable cause may arise out of such conduct on the part of the accused, or such facts and circumstances, as would induce a reasonably cautious and prudent man, acting in good faith, to believe the accused guilty of the offense imputed to him. (p. 711).

3. SAME—*Probable Cause—Motives of Prosecutor—Materiality.*

   When such cause may reasonably be said to exist, the motives prompting the formal accusation become immaterial, on the ground of public policy. (p. 711).

Error to Circuit Court, Kanawha County.

Action by Tamamy Haddad against the Chesapeake & Ohio

Railway Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Maynard F. Stiles* and *Adam B. Littlepage,* for plaintiff in error.

*Enslow, Fitzpatrick & Baker,* for defendant in error.

LYNCH, JUDGE:

Plaintiff complains of the rulings of the trial court upon defendant's demurrer, sustained, to her declaration, and *nil capiat* judgment, she having elected to stand on the averments of the first count thereof and declined to amend it. The action is trespass on the case for malicious prosecution. The declaration charges, *in extenso,* that defendant, without probable cause, maliciously procured the arrest, indictment and conviction of plaintiff in the intermediate court of Kanawha county for larceny, reversal of the judgment and award of a new trial on writ of error to the circuit court of the county, her subsequent discharge from custody and dismissal by *nolle prosequi* from further prosecution. The reason alleged for the reversal was the trial court's misconception of the law of the case, and the resultant misdirection of the jury that rendered the verdict in the criminal proceeding.

To recover in an action for malicious prosecution, plaintiff must aver and prove malice, and want of probable cause for the criminal or civil proceeding alleged to be malicious. Although both elements are essential, yet if defendant in a civil action had probable cause for the criminal prosecution the malice prompting it thereby becomes immaterial, for reasons of public policy.

No invariable rule has been or can be prescribed for determining what facts or circumstances may authorize an inference of probable cause in any given case. Generally, however, when limited to criminal offenses, it may be said that probable cause arises out of facts and circumstances sufficiently cogent and persuasive to induce a prudent and cautious man, acting in good faith and from justifiable motives, to believe the accused guilty.

This inference of guilt is re-enforced by each successive

stage of the proceeding until it finally results in a conviction. The issuance of a warrant of arrest, the commitment or requirement of bail to answer an indictment, and presentment by a grand jury tend to strengthen the presumption or inference of the probability of guilt. Of this generally recognized proposition it is said in *Skeffington* v. *Eylward,* 97 Minn. 244: "Ordinarily if a court having jurisdiction has, upon a full and fair trial, proceeded to conviction it must have had before it such evidence as would convince a prudent and reasonable man of the guilt of the accused. Therefore, while a subsequent reversal may show that the accused was in fact innocent, yet it does not show there was no probable cause for believing him guilty". And an unreversed judgment of conviction is conclusive evidence of probable cause, and prevents recovery in an action for malicious prosecution.

But what effect shall be given in such action to a verdict and judgment which on appellate process are reversed and the accused discharged from further prosecution on the remand of the case, is a question as to which exists a great variety of discordant views. The courts of some jurisdictions. have held that, when it appears from the allegations in the declaration, admitted to be true on demurrer, the conviction resulted from a misconception of the law of the case, as averred in this action, while not restoring plaintiff to her status before the trial under the indictment, the conviction is *prima facie* proof of probable cause, and, unless overcome by testimony of such preponderant weight as to establish in the mind of the court want of probable cause, the burden of which devolves on plaintiff, the presumption will defeat recovery by her. According to *Skeffington* v. *Eylward, supra,* "in an action for malicious prosecution a conviction of the plaintiff which was reversed on appeal is not conclusive, but strong *prima facie* evidence of probable cause, which may be rebutted by evidence tending to show that the conviction was procured by fraud or perjury, and also by any competent evidence which satisfies the jury that the prosecutor did not have probable cause for instituting the prosecution". This conclusion finds approval in *Goodrich* v. *Warner,* 21 Conn. 432, holding conclusive a conviction by a justice until reversed, and thereafter *prima facie* evidence of probable cause

and as such "entitled to great' consideration"; in *Olson* v. *Neal,* 63 Ia. 214, and *Miller* v. *Runkle,* 137 Ia. 155, holding a reversed judgment of a magistrate *prima facie* and not conclusive evidence of probable cause, subject to contradiction by proof sufficient to show want of probable cause or that the judgment was without foundation in law, and that if not so contradicted or impeached the judgment will of itself establish the existence of probable cause and thereby defeat recovery in the subsequent action; in *Maynard* v. *Sigman,* 63 Neb. 590. holding that the presumption arising from the reversed judgment of conviction rendered by a justice may be rebutted by evidence which destroys the natural probative force of the verdict or judgment; and in *Nicholson* v. *Sternberg,* 70 N. Y. S. 212, holding that a like inference based on a judgment of conviction by a justice may be destroyed by proof of fraud in its procurement or of any other facts and circumstances bearing on the subject, thus making the question of probable cause one of fact for the jury upon all the evidence in the case.

In New York it is to be observed from *Nicholson* v. *Sternberg, supra,* and *Francisco* v. *Schmeelk,* 141 N. Y. S. 402, the court, while giving a conclusive effect to a conviction in a tribunal having general jurisdiction, concedes only a *prima facie* quality to a conviction by a magistrate. In no other jurisdiction, so far as we are advised, does this distinction obtain, although it may be that sometimes little weight is due to the conclusion of minor officials for the reasons assigned by the New York tribunal. And in other states no greater credit or weight is accorded to reversed judgments of conviction in courts of record than convictions before justices.

The appellate courts of most jurisdictions, however, have adopted and adhered to the principle that a judgment of conviction, although reversed, continues to be conclusive proof of probable cause for the criminal accusation. That conclusiveness seems to be based on the general deduction that, when the facts on which the accusation is predicated were such as to generate in the mind of a reasonable man, moved by proper motives, a belief in the guilt of the accused, and the inquisitorial and trial juries, upon an *ex parte* investigation in the first instance and a full hearing under the super-

vision and direction of the trial judge in the second, have concurred in such belief, the inquiry as to the existence of probable cause thereby should be foreclosed and a further investigation precluded, except for fraud or perjury. Or, as said by the supreme court of the *United States in Live Stock Co.* v. *Slaughter House Co.,* 120 U. S. 141, "the judgment of the court in favor of the plaintiff is conclusive proof of probable cause for the prosecution of the suit alleged to be malicious, notwithstanding its subsequent reversal by an appellate court, unless it be shown to have been obtained by means of fraud". It has been held by many appellate courts, with the same reservation as to fraud, that "the allegation of facts which are *prima facie* evidence of probable cause necessarily stands as conclusive until something further is alleged to rebut the presumption arising from that allegation. An allegation that plaintiff was bound over by a court having jurisdiction for that purpose and was indicted by a grand jury is an allegation of facts which are sufficient or satisfactory evidence of probable cause, unless some further facts are averred which countervail the effect to be given them". *Giusti* v. *Del Papa,* 19 R. I. 338; *Welch* v. *Railroad Corporation,* 14 R. I. 609; *Spring* v. *Besore,* 12 B. Mon. 555, holding "suicidal" a declaration stating such facts without other counteracting averments. See also *Saunders* v. *Baldwin,* 112 Va. 431; *Dennehey.* v. *Woodsum,* 100 Mass. 195; *Adams* v. *Bicknell,* 126 Ind. 210; *Thomas* v. *Muehlmann,* 92 Ill. App. 571. Numerous other cases involving the same question agree in attributing to a conviction, whether before a justice or a court of record, although reversed on writ of error, the quality and character of conclusiveness unless impeached for fraud or other unfair means in its procurement. *Hartshorn* v. *Smith,* 104 Ga. 239; *Whitney* v. *Peckham,* 15 Mass. 243; *Cloon* v. *Perry,* 13 Gray 201; *Phillips* v. *Kalamazoo,* 53 Mich. 33; *Thick* v. *Washer,* 137 Mich. 155; *Root* v. *Rose,* 6 N. D. 575; *Blucher* v. *Zonker,* 19 Ind. App. 615; *Witham* v. *Gowen,* 14 Me. 362; *Payson* v. *Caswell,* 22 Me. 212; *Casey* v. *Dorr,* 94 Ark. 436; *Griffis* v. *Sellars,* 19 N. C. 492; *Smith* v. *Thomas,* 149 N. C. 100; *Cooper* v. *Hart,* 147 Pa. 594; *McElroy* v. *Press Co.,* 165 Ill. App. 290, 254 Ill. 290; *Holliday*

v. *Holliday,* 123 Cal. 27; *Topolewski* v. *Packing Co.,* 143 Wis. 52; *Francisco* v. *Schmeelk, supra.*

The doctrine so announced, and approved by Newell on Malicious Prosecution at page 299, was expressed logically in *Spring* v. *Besore, supra,* in this language: "The decree or judgment in favor of the plaintiff, although it be afterwards reversed, is, in cases where the parties have appeared, and proof has been heard on both sides, conclusive evidence of probable cause, unless other matters be relied upon to impeach the judgment or decree and to show that it was obtained by fraud; and in that case it is indispensable that such matters should be alleged in the plaintiff's declaration; for unless it be done, as the other facts which have to be stated establish the existence of probable cause, the declaration is suicidal. The plaintiff's declaration will itself always furnish evidence of probable cause when it states, as it must do, the proceedings that have taken place in the suit alleged to be malicious, and shows that a judgment or decree has been rendered against the plaintiff. To counteract the effect of the judgment or decree, and the legal deduction of probable cause, it is incumbent upon him to make it appear in his declaration that such judgment or decree was unfairly obtained".

But the declaration in the case now being reviewed, while it avers the conviction and reversal and the subsequent discharge by a *nolle prosequi,* failed to show any cause for impeaching the verdict or judgment of conviction, or that either of them was obtained by any fraudulent means or methods. The mere averment of misdirection will not suffice. For unless there was substantial reason for believing plaintiff was guilty of the offense charged against her, the jury no doubt would have rendered a verdict of acquittal, notwithstanding the misdirection, if such there was. Because of the omission of averments deemed essential by the proponderant weight of authority, the declaration was demurrable, and, because of the election by plaintiff to rest her right to a recovery on it, the judgment of dismissal was right and must be affirmed; and such will be the order entered here.

*Affirmed.*