GEORGE HOFFMAN *v.* GERTRUDE HASTINGS

(CC 522)

Submitted February 19, 1935. Decided March 5, 1935.

152

*J. B. Allison,* for plaintiff.
*Howard & Howard,* for defendant.

KENNA, JUDGE:

George Hoffman brought an action of trespass on the case for malicious prosecution against Gertrude Hastings in the circuit court of Ohio County. A demurrer to the plaintiff's declaration was interposed assigning two grounds, first, that the declaration fails to set forth the alleged malicious conduct of the defendant on which it is predicated, and second, that the declaration shows on its face a judgment of conviction of plaintiff which is conclusive evidence of probable cause. The circuit court overruled the first ground of demurrer and sustained the second, certifying its action to this Court.

On the first ground of demurrer, the defendant relies upon the case of *Tavenner* v. *Morehead,* 41 W. Va. 116, 23 S. E. 673. That case undoubtedly holds that in a declaration for malicious prosecution the plaintiff must set forth the alleged malicious conduct of the defendant and that otherwise the declaration is demurrable. It holds that the averment that the defendant "falsely and maliciously caused and procured to be sued and prosecuted out of the circuit court for the county of Ritchie in said state a certain order and attachment * * *" is not sufficient and indicates quite clearly that in order to make the averment sufficient, the allegation must set forth in detail what particular false and malicious thing, such as making an affidavit or a false statement, the defendant did. No authorities are cited to sustain this position other than the forms contained in 1 Barton's Law Practice, page 338, and Hogg's Pleading & Forms, page 337. The only difference between the averments contained in the forms referred to and the declaration before the court in the *Tavenner*

case is that in the forms, which relate to the malicious prosecution of the plaintiff for a specific offense, it is averred that the defendant falsely and maliciously charged the offense which is described, whereas, in the *Tavenner* case, the charge was that the defendant had falsely and maliciously caused the order of attachment to issue, not charging upon what false and malicious ground the attachment was based. Here, the declaration is good even by the standards set in the *Tavenner* case, because it does aver that the defendant falsely and maliciously charged before a justice of the peace that the plaintiff committed a criminal trespass and describes the trespass. It may, however, be seriously doubted that the narrow rule laid down in the *Tavenner* case conforms to the weight of authority. The only similar holding that we have been able to find is in the Kentucky case of *Hagerman* v. *Sutherland,* 16 Ky. Law Rep. 301, 27 S. W. 982. But, in the later case of *Graziani* v. *Ernst et al.,* 169 Ky. 751, 185 S. W. 99, the Kentucky court seems to have gotten back to the general rule, which is that a general averment to the effect that the defendant acted maliciously in instituting the prosecution against the plaintiff is sufficient allegation of that element of a cause of action for malicious prosecution, and that the averment need not deal with the detail of the defendant's conduct in so doing. It is not necessary for us here to go fully into the question, because we are of opinion that it does not directly arise on this record, but the authorities are readily available by reference to 13 Am. & Eng. Ency. Pl. & Pr., page 427, Century Edition of the American Digest, Paragraph 97, under the title Malicious Prosecution, and the First, Second and Third Decennial Edition of the American Digest, under the same title, Paragraph 50.

We are of opinion that the trial court ruled correctly in overruling the defendant's demurrer upon the first ground assigned.

As to the second ground of demurrer, the West Virginia case of *Haddad* v. *Chesapeake & Ohio Railway Co.,* 77 W. Va. 710, 88 S. E. 1038, is undoubtedly authority for the proposition that a judgment of conviction in a court of record is conclusive evidence that probable cause for the prosecution

existed, even though that judgment is reversed on appeal. We seem to have no West Virginia case, however, which goes so far as to hold that the same would be true of a judgment of conviction before a justice of the peace that is reversed on appeal as in the case at bar. Here, the declaration alleges a judgment of conviction before a justice, and dismissal on appeal of the case in the Intermediate Court of Ohio County. The Virginia Court of Appeals was evenly divided on the question in *Womack* v. *Circle*, 29 Gratt. 192, but in the case of *Ricketts* v. *J. G. McCrory Co.*, 138 Va. 548, 121 S. E. 916, seems to have reached the conclusion that a judgment of conviction before a justice is conclusive of probable cause even though that judgment is reversed on appeal. To the same effect are *Blucher* v. *Zonker*, 19 Ind. App. 615, 49 N. E. 911; *Smith* v. *Parman*, 102 Kan. 787, 172 P. 33; *Price* v. *Stanley*, 128 N. C. 38, 38 S. E. 33; *Smith* v. *Thomas*, 149 N. C. 100, 62 S. E. 772; *Thomas* v. *Muehlmann*, 92 Ill. App. 571; *Conkling* v. *Whitmore*, 132 Ill. App. 574. The rule seems to be different in Alabama, Minnesota, New York and Utah where the conviction before the justice is regarded, under the circumstances outlined, as being strong but rebuttable evidence of probable cause. *Kemp* v. *York*, 16 Ala. App. 675, 81 So. 195; *Buhner* v. *Reussee*, 144 Minn. 450, 175 N. W. 1005; *Ruhle* v. *White*, 190 N. Y. S. 714; *Kennedy* v. *Burbridge*, 54 Utah 497, 183 P. 325. We are of opinion that the sounder rule is to the effect that the judgment of conviction by a justice, even though appealed from and subsequently set aside, is conclusive of the existence of probable cause for the prosecution.

It is, of course, the universal rule that the effect of a judgment of conviction upon the question of probable cause is destroyed by a showing that the conviction was obtained by fraud, conspiracy or, perhaps, as a result of deliberately false testimony. Therefore, if the declaration in this case had contained sufficient averment to show that the conviction of the plaintiff before the justice was fraudulently procured, the averment of that conviction would be overcome. We do not think, however, that its charges are sufficient to show that the conviction was fraudulently procured. The averment is that the defendant falsely and maliciously and without any reason-

able or probable cause whatsoever caused the plaintiff to be carried in custody before the justice, and that the justice, having heard the evidence against the plaintiff concerning the supposed offense, adjudged him guilty. In order to make the allegation sufficient it would have to aver fraud in the procurement of the conviction in the same manner that fraud is to be averred and proven in other cases, and would have to show by detailed allegation just what the fraudulent conduct was that procured the conviction. A general charge of fraud is not sufficient. Furthermore, the charge here merely is that the defendant caused the plaintiff to be falsely and maliciously and without probable cause carried in custody before the justice. It is not directly charged, even in general language, that he was fraudulently convicted by the justice, nor that the conviction was procured by fraud.

For the reasons stated, we are of opinion that the circuit court of Ohio County correctly held the declaration bad on demurrer for the second reason assigned.

The questions certified are answered in accord herewith and the holding of the circuit court of Ohio County on demurrer is in all respects affirmed.

*Affirmed.*