[No. 13660-4-III. Division Three. November 21, 1995.]

CLYDE FONDREN, ET AL., *Appellants and Cross-Respondents*, v. KLICKITAT COUNTY, ET AL., *Respondents and Petitioners.*

*Timothy K. Ford* and *MacDonald, Hoague & Bayless,* for appellants/cross-respondents.

*David Utevsky* and *Foster, Pepper & Shefelman,* for respondents/petitioners.

THOMPSON, C.J. — Clyde and Jennifer Fondren appeal the dismissal of most of their claims, which arise from the investigation of a fatal shooting for which Mr. Fondren was first convicted, then acquitted on retrial after remand from this Court. The Defendants were granted review of the Superior Court's refusal to dismiss the Fondrens' remaining claim. We find merit in both arguments. We therefore remand for further proceedings on the Fondrens'

allegations of malicious prosecution, false arrest, false imprisonment, civil rights violation, outrage, and defamation. We dismiss the Fondrens' claim based on negligent investigation.

On September 25, 1982, a man was shot and killed during an altercation near the Fondrens' home in rural Klickitat County.[1] Mr. Fondren was arrested, charged, and tried for second-degree murder. The Fondrens' complaint alleges there was no probable cause for the arrest and prosecution, and sheriff's deputies mishandled the investigation and "failed to fully and truthfully convey all relevant facts [they] knew, or should have known."

Mr. Fondren's first trial resulted in a conviction for second-degree manslaughter. This Court reversed the conviction, holding the trial court's instructions had failed clearly to inform jurors the State had the burden of proving the absence of self-defense beyond a reasonable doubt. *State v. Fondren*, 41 Wn. App. 17, 18, 701 P.2d 810, *review denied*, 104 Wn.2d 1015 (1985). After a second trial, a jury acquitted Mr. Fondren, finding in a special verdict that he had acted in defense of himself or another.

The Fondrens then filed this action, containing the following claims: (1) civil rights violations under 42 U.S.C. § 1983; (2) malicious prosecution; (3) negligence; (4) infliction of emotional distress; (5) defamation; (6) false arrest and imprisonment; and (7) outrage. After the decision in *Hanson v. City of Snohomish*, 121 Wn.2d 552, 852 P.2d 295 (1993), the Defendants moved for judgment on the pleadings, arguing the Fondrens' complaint fails to state a claim upon which relief can be granted. *See* CR 12(b)(6);

---

[1]A complete summary of the events appears in this Court's decision in *State v. Fondren*, 41 Wn. App. 17, 19-20, 701 P.2d 810, *review denied*, 104 Wn.2d 1015 (1985). This appeal arises from a motion for judgment on the pleadings, arguing the Fondrens' complaint failed to state a claim upon which relief can be granted. *See* CR 12(b)(6); CR 12(c). In this procedural context, all allegations in the complaint are accepted as true, and no matter outside the pleadings may be considered. *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961, 577 P.2d 580 (1978); *Brown v. MacPherson's, Inc.*, 86 Wn.2d 293, 297, 545 P.2d 13 (1975). The factual summary here is based on the allegations contained in the Fondrens' complaint.

CR 12(c). Applying *Hanson*, the Superior Court dismissed all of the Fondrens' claims except negligence, which it treated as a claim for negligent investigation. The Fondrens appealed, and this Court granted discretionary review of the refusal to dismiss the negligence claim.

■ This case arises from a motion to dismiss the Fondrens' claims for "failure to state a claim upon which relief can be granted" under CR 12(b)(6). On appeal, the Superior Court's ruling on such a motion is a question of law, and is reviewed de novo. *Hoffer v. State*, 110 Wn.2d 415, 420, 755 P.2d 781 (1988), *aff'd on reh'g*, 113 Wn.2d 148, 776 P.2d 963 (1989).

■■ To prevail on a CR 12(b)(6) motion, a defendant has the burden of establishing "beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief." *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961, 577 P.2d 580 (1978) (citing *Halvorson v. Dahl*, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978); *Berge v. Gorton*, 88 Wn.2d 756, 759, 567 P.2d 187 (1977)); *Hoffer*, 113 Wn.2d at 153. The motion should be granted "sparingly and with caution in order to make certain that plaintiff is not improperly denied a right to have his claim adjudicated on the merits." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1349, at 192-93 (2d ed. 1990); *see Orwick v. Seattle*, 103 Wn.2d 249, 254, 692 P.2d 793 (1984). Usually, dismissal is granted under this rule "only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." 5A WRIGHT & MILLER § 1357, at 344; *see Hoffer*, 110 Wn.2d at 420. The motion should be denied if the plaintiff can assert any hypothetical factual scenario that gives rise to a valid claim, even if the facts are alleged informally for the first time on appeal. *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995).

The Defendants moved to dismiss the Fondrens' complaint in response to the Supreme Court's decision in *Han-*

*son.* In that case, Mr. Hanson was convicted of first-degree assault. *Hanson,* 121 Wn.2d at 554. The appellate court reversed the conviction, holding the trial court had erred in admitting fiction written by Mr. Hanson. *Hanson,* 121 Wn.2d at 555. Mr. Hanson was acquitted on remand. *Hanson,* 121 Wn.2d at 555. He filed a civil action, claiming malicious prosecution, false arrest and imprisonment, negligent investigation, defamation, and civil rights violations. *Hanson,* 121 Wn.2d at 555. The trial court in the civil action denied summary judgment on the defamation claim, and Mr. Hanson later abandoned his negligent investigation claim. *Hanson,* 121 Wn.2d at 555 n.3. However, the trial court dismissed the remaining claims, holding collateral estoppel barred relitigation of the issues. *Hanson,* 121 Wn.2d at 555. The appellate court reversed, holding collateral estoppel did not apply. *Hanson v. City of Snohomish,* 65 Wn. App. 441, 828 P.2d 1133 (1992), *rev'd,* 121 Wn.2d 552, 852 P.2d 295 (1993).

The Supreme Court held "that a conviction, although later reversed, is conclusive evidence of probable cause, unless that conviction was obtained by fraud, perjury or other corrupt means, or, of course, unless the ground for reversal was absence of probable cause." *Hanson,* 121 Wn.2d at 560; *see* RESTATEMENT (SECOND) OF TORTS § 667(1) (1977). Because probable cause is a complete defense to claims for malicious prosecution, as well as false arrest and imprisonment, the court held those claims were barred unless Mr. Hanson could establish the conviction was obtained by fraud, perjury, or other corrupt means. *Hanson,* 121 Wn.2d at 560, 563-64. The court then addressed whether identification procedures in the criminal trial constituted fraud, perjury, or other corrupt means. *Hanson,* 121 Wn.2d at 560. Because those procedures were held to be proper, both in the trial court and on appeal of the original conviction, the Supreme Court held Mr. Hanson was barred by collateral estoppel from relitigating that issue. *Hanson,* 121 Wn.2d at 561-63. The Supreme Court thus affirmed the dismissal of the malicious prosecution and false arrest and imprisonment claims. *Hanson,*

121 Wn.2d at 563-64. Finally, the court affirmed the dismissal of Mr. Hanson's civil rights claim because it was predicated on the State claims. *Hanson*, 121 Wn.2d at 564.

■ The Fondrens first invite us to reconsider the rule in *Hanson*.[2] However, as a decision of the Washington Supreme Court, *Hanson* is binding on all lower courts in the state. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984). Whatever the merits of the Fondrens' argument in this regard, *Hanson* is binding precedent.

The precise issue raised here is whether, under *Hanson*, any or all of the Fondrens' claims are barred because Mr. Fondren's criminal conviction conclusively establishes the existence of probable cause.

### MALICIOUS PROSECUTION, FALSE ARREST, AND FALSE IMPRISONMENT CLAIMS

■ Mr. Fondren's conviction conclusively establishes probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means. *Hanson*, 121 Wn.2d at 560. Because probable cause is a complete defense to claims for malicious prosecution, false arrest, and false imprisonment, these claims appear to be barred under *Hanson*.

However, the Fondrens argue *Hanson* does not apply in these circumstances. They first point out that Mr. Fondren was charged with second-degree murder, but convicted only of second-degree manslaughter. Although the conviction may establish probable cause for *manslaughter*, they argue, it does not establish probable cause for *murder*, the crime for which the Defendants charged and tried Mr. Fondren. However, probable cause exists when a person of reasonable caution is justified in believing "*an offense* has been or is being committed." *State v. Gluck*, 83

---

[2]The Fondrens also argue the United States Supreme Court has rejected the *Hanson* rule. We address this argument in connection with our discussion of their civil rights claims, on pages 858-61.

Wn.2d 424, 426-27, 518 P.2d 703 (1974) (emphasis added). Mr. Fondren's conviction on a lesser charge merely reflects the jurors' conclusion that the facts proved a different (but related) crime; it does not detract from their conclusion that *some* offense had been committed. The Fondrens also point out that in *Hanson*, the ground for reversal of the conviction was evidentiary error, while the error in Mr. Fondren's case was of constitutional magnitude.[3] This argument belies the clarity of the *Hanson* rule, under which the conviction is *conclusive evidence* of probable cause. The rule's application does not depend on the severity of the error. This assignment of error is without merit.

The Fondrens next contend the *Hanson* rule does not apply because Mr. Fondren's conviction was obtained by fraud, perjury, or other corrupt means. The complaint alleges, among other things, that Defendant "Kinder and/or other agents of Klickitat County and the Klickitat County Sheriff's Office, . . . failed to fully and truthfully convey all relevant facts he knew, or should have known." Arguably, this is an allegation of perjury, an explicit exception to the general *Hanson* rule.

The Fondrens also point out that the appeal of Mr. Fondren's conviction included claims of juror and prosecutorial misconduct, which this Court did not address in light of its reversal on other grounds. *Fondren*, 41 Wn. App. at 24-25. In *Hanson*, collateral estoppel applied because this issue was fully litigated, including on appeal. *Hanson*, 121 Wn.2d at 561-64; *see State v. Hanson*, 46 Wn. App. 656, 664-71, 731 P.2d 1140, *review denied*, 108 Wn.2d 1003 (1987). In Mr. Fondren's appeal, by contrast, the Court never reached the misconduct issues, and thus he did not have a "full and fair opportunity" to present his case on these questions. *Hanson*, 121 Wn.2d 561.

[3]The Fondrens attempt to argue that the constitutional error renders the conviction "void." As a practical matter, any reversal makes a criminal conviction "void." The Fondrens' reasoning would create an exception that would render *Hanson* meaningless.

The Defendants point out the Fondrens' complaint does not specifically allege fraud, perjury, or other corrupt means, and they argue the Fondrens bear the burden of establishing these facts. *See* RESTATEMENT (SECOND) OF TORTS § 667(1) cmt. c (1977). This argument ignores the procedural context here. The Fondrens should bear the burden *at trial* of proving fraud, perjury or other corrupt means, but for the purposes of this CR 12(b)(6) motion, the *Defendants* must show that no set of facts would entitle the Fondrens to the relief they seek. *Hoffer*, 113 Wn.2d at 153. While the complaint does not specifically allege fraud, perjury or other corrupt means,[4] the Fondrens' complaint and their brief on appeal have identified factual scenarios that may establish those facts. *See Bravo*, 125 Wn.2d at 750. The Defendants have not established an "insuperable bar to relief," 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 344 (2nd ed. 1990), and the Fondrens' claims should not have been dismissed.

## CIVIL RIGHTS CLAIM

The parties vigorously dispute the applicability of

---

[4]The Defendants' brief cites several cases in support of their argument the complaint is insufficient. Most of the cases did not arise in the context of pre-trial motions for judgment on the pleadings. *See Marsh v. Commercial & Sav. Bank*, 265 F. Supp. 614 (W.D. Va. 1967) (summary judgment); *Wisniski v. Ong*, 94 Ariz. 123, 382 P.2d 233 (1963) (directed verdict for defendant); *Alexander v. Laman*, 225 Ark. 498, 283 S.W.2d 345 (1955) (directed verdict for defendant); *House v. Ane*, 56 Haw. 383, 538 P.2d 320 (1975) (dismissal at close of plaintiff's case); *Arnold v. Jarvis*, 367 Mich. 59, 116 N.W.2d 38 (1962) (directed verdict for defendant). One case reflected a rule requiring specific pleadings, which Washington no longer requires. *See Stebbins v. Wilson*, 122 Mont. 186, 190, 199 P.2d 453, 455 (1948) (The law "requires a definite statement of specific facts constituting a wrong as a basis for judicial proceedings."); *cf.* CR 8(a) (pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Another case held allegations of fraud must be specific. *See Hoffman v. Hastings*, 116 W. Va. 151, 178 S.E. 812 (1935); *see* CR 9(b). However, *Hoffman* did not reflect the Washington rule that, in a CR 12(b)(6) motion, the plaintiff may present hypothetical facts to support the claim, even on appeal. *See Bravo*, 125 Wn.2d at 750. In addition, "a failure to comply with many of the special pleading provisions in Rule 9 need not be remedied by a dismissal of the action or a striking of the pleading, but can be corrected through a motion for a more definite statement or the use of the discovery procedures." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1291, at 564 (2d ed. 1990).

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the plaintiff was serving a sentence on a manslaughter conviction in state court. *Heck*, 114 S. Ct. at 2368. While his state appeal was pending, he filed a civil rights action, under 42 U.S.C. § 1983, in federal district court. *Heck*, 114 S. Ct. at 2368. His complaint requested only monetary damages, but the district court concluded the claim implicated the legality of the prisoner's confinement. The district court held the claim was cognizable only as a federal habeas corpus action under 28 U.S.C. § 2254. Unlike Section 1983 claims, federal habeas corpus actions require exhaustion of state remedies, so the district court dismissed the Section 1983 claim. *Heck*, 114 S. Ct. at 2368. Attempting to resolve a conflict at the "intersection" of these two federal statutes, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 114 S. Ct. at 2372 (footnote omitted). In reaching its conclusion, the Court analogized Section 1983 claims to common law malicious prosecution claims. *Heck*, 114 S. Ct. at 2371-72.

Concurring in the judgment, Justice Souter (joined by three other justices) objected to the analogy, pointing out that "[a] defendant's conviction, under Reconstruction-era common law, dissolved his claim for malicious prosecution because the conviction was regarded as irrebuttable evidence that the prosecution never lacked probable cause." *Heck*, 114 S. Ct. at 2377 (Souter, J., concurring). Requiring a Section 1983 plaintiff to obtain a reversal, Justice Souter argued, would defeat the purpose of Section 1983, which was "enacted in part out of concern that many state courts

were 'in league with those who were bent upon abrogation of federally protected rights[.]' " *Heck*, 114 S. Ct. at 2380 (Souter, J., concurring) (quoting *Mitchum v. Foster*, 407 U.S. 225, 240, 92 S. Ct. 2151, 2161, 32 L. Ed. 2d 705 (1972)).

The limitation in *Heck* does not apply directly here. First, Mr. Fondren is not incarcerated and therefore is not subject to the federal habeas corpus exhaustion requirement. Second, Mr. Fondren's criminal conviction was reversed on direct appeal, and he has satisfied the *Heck* requirement even if it applied to him.

Nor is *Heck* a repudiation of the rule announced in *Hanson*. The Supreme Court in *Heck* never conclusively addressed the effects of a prior conviction on the question of probable cause. *See Heck*, 114 S. Ct. at 2371 n.4. Moreover, Justice Souter's criticism of the "Reconstruction-era common law" rule failed to acknowledge "that there must be exceptions to the rule in cases involving circumstances such as fraud, perjury, or mistake of law." *Heck*, 114 S. Ct. at 2371 n.4 (citations omitted). The question remains unresolved under federal law. *Compare Cameron v. Fogarty*, 806 F.2d 380, 386-88 (2d Cir. 1986), (applying common law rule to Section 1983 claim) *cert. denied*, 481 U.S. 1016 (1987) *with Rose v. Bartle*, 871 F.2d 331, 350-51 (3d Cir. 1989) (questioning *Cameron*).

A separate question, however, is whether the *Hanson* rule applies to the Fondrens' federal civil rights claim. In *Hanson*, the plaintiff's Section 1983 claim was "predicated on [his] claim that he has a constitutional right to be free from malicious prosecution, false arrest and false imprisonment . . . ." *Hanson*, 121 Wn.2d at 564. Because these underlying claims were unsupported, the court reasoned, the federal claim also was properly dismissed.

 However, "rights judicially protected under any part of the federal constitution can be safeguarded in § 1983 actions." CHESTER J. ANTIEAU, FEDERAL CIVIL RIGHTS ACTS: CIVIL PRACTICE § 116, at 219 (2d ed. 1980). The Fondrens' complaint in this case alleges that "evidence favorable to plaintiff Clyde Fondren was not

discovered, or was lost, destroyed, or rendered unusable." Arguably, this allegation supports a claim or claims involving Mr. Fondren's Fourth Amendment rights, unrelated to the malicious prosecution, false arrest, and false imprisonment claims. *See* Reply Br. of Appellants at 3-4.[5] Again, the Defendants have not shown an "insuperable bar to relief," 5A WRIGHT & MILLER § 1357, at 344, and the Section 1983 claim should not have been dismissed.

### DEFAMATION, OUTRAGE, AND INFLICTION OF EMOTIONAL DISTRESS CLAIMS

██ As a result of *Hanson*, any civil claim, depending in part on the lack of probable cause, is barred by a prior conviction unless an exception applies. However, *Hanson* does not bar a claim for which the lack of probable cause is not an element, or for which probable cause is not a complete defense. *See Hanson*, 121 Wn.2d at 558, 563. The question here, then, is whether (even assuming there are no applicable exceptions to *Hanson*, as is discussed *supra*) the presence of probable cause will bar the Fondrens' claims for defamation, outrage, and infliction of emotional distress.

██ ██ The elements of a defamation claim are falsity, an unprivileged communication, fault, and damages. *Commodore v. University Mechanical Contractors, Inc.*, 120 Wn.2d 120, 133, 839 P.2d 314 (1992). The elements of the tort of outrage are "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." *Rice v. Janovich*, 109 Wn.2d 48, 61, 742 P.2d 1230 (1987) (citing RESTATEMENT (SECOND) OF TORTS § 46 (1965); *Grimsby v. Samson*, 85 Wn.2d 52, 530 P.2d 291, 77 A.L.R.3d 436 (1975); *Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 565 P.2d 1173 (1977)). The Fondrens' claim for infliction of emotional distress (alleging "intentional

---

[5]The Defendants appear to agree that the civil rights claim would survive this motion if the claim were based on alleged "constitutional violations unrelated to the existence of probable cause. . . ." *See* Br. of Resp'ts at 37.

and/or reckless" acts) apparently is the same as their claim for the tort of outrage. *See Rice*, 109 Wn.2d at 61; *cf. Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 962, 577 P.2d 580 (1978) (negligent infliction of emotional distress).

The lack of probable cause is not an element of either of these claims, nor does probable cause establish a complete defense. Therefore, *Hanson* has no effect on these claims, and they should not have been dismissed on this basis.

The Defendants argue, as a separate ground for dismissal of the defamation claim, that the Fondrens' complaint has not identified any false statements by the Defendants, nor have the Fondrens asserted any hypothetical factual scenario that gives rise to a claim for defamation. Although the Defendants' memorandum in support of dismissal briefly raised this question, the Superior Court's order made it clear that the dismissal was based solely on its decision regarding "*Hanson*'s scope and application to this case." In light of our decision to remand the case for further proceedings, this issue properly should be considered at that time.

### NEGLIGENCE

The Fondrens agree their negligence allegation is a claim for negligent investigation. Reply Br. of Appellants at 9-14. The Superior Court declined to dismiss this claim, noting: "I do not think that rises or falls on the existence of probable cause." The Defendants have cross-appealed this decision.

A claim for negligent investigation is not cognizable under Washington law. *Donaldson v. Seattle*, 65 Wn. App. 661, 671, 831 P.2d 1098 (1992), *review dismissed*, 120 Wn.2d 1031 (1993) (citing *Dever v. Fowler*, 63 Wn. App. 35, 44-45, 816 P.2d 1237 (1991), 824 P.2d 1237, *review denied*, 118 Wn.2d 1028 (1992)); *Keates v. City of Vancouver*, 73 Wn. App. 257, 267, 869 P.2d 88, *review denied*, 124 Wn.2d 1026 (1994) (citing *Dever*).

In *Dever*, 63 Wn. App. at 44-45, the court affirmed the

superior court's CR 12(b)(6) dismissal of a negligent investigation claim, in part on the basis that no such action exists in Washington. Similarly here, the Fondrens' negligent investigation claim should have been dismissed because the claim is not cognizable.

We reverse the Superior Court's dismissal of the Fondrens' malicious prosecution, false arrest, false imprisonment, civil rights, outrage, and defamation claims, and remand for further proceedings. We also reverse the Superior Court's refusal to dismiss the Fondrens' negligent investigation claim, holding there is no such cause of action in Washington.

MUNSON and SWEENEY, JJ., concur.