[No. 32122. Department Two. January 16, 1953.]

A. B. WARD, *Respondent*, v. PAINTERS' LOCAL UNION No. 300 *et al., Appellants.*[1]

[1]Reported in 252 P. (2d) 253.

*L. Presley Gill,* for appellants.

*Joseph D. Holmes,* for respondent.

OLSON, J.—This is an action for civil libel. Defendants' motions for judgment notwithstanding the verdict of the jury and for a new trial were denied, and all except the Brotherhood have appealed from the judgment against them.

The action against the Brotherhood was dismissed. We will refer to defendant local union as the union.

In view of the issues on this appeal and our disposition of them, we do not need to relate in detail either the pleadings or the evidence in this case. It is adequate to state the general nature of each of plaintiff's three causes of action. All of them arose out of allegedly false and malicious defamatory accusations and charges made against him by defendants, regarding the manner in which he conducted the office of financial secretary of the union. He had held this office for about nine years, when the charges were made.

We summarize plaintiff's allegations to support his claims for special and general damages in each of his causes of action as follows: The first rested upon written charges by defendant Glynn that plaintiff had embezzled and misappropriated union funds, and Glynn's statement to the union members, in effect, that he could prove that plaintiff "stole your money and my money." The union removed plaintiff from his office, and his various appeals within the union were unsuccessful. The second was based upon a schedule of shortages, which we will describe later, prepared by defendant trustees, and which, plaintiff asserts, prevented him from being re-elected to his former office. By vote of the union, it was published to union members, to the surety on plaintiff's fidelity bond as financial secretary, and possibly to others. The third was grounded upon a statement by defendant Krabler that plaintiff had absconded with union funds. This was published to the union membership in connection with a motion to table a request by plaintiff for certain vacation pay he claimed was due him from the union. The vote on the motion was adverse to plaintiff.

The defendants' principal assertions are that they are not, and did not act as, agents of the union in their respective statements about plaintiff; that it was their duty and privilege under the union constitution, as members and officers of the union, to make the statements; that they did not publish them to others than members of the union or bodies within the union structure which heard plaintiff's appeals,

and that plaintiff, as a member and officer of the union, had agreed to comply with, and was bound by, the provisions of its constitution.

Defendants further contend that the publications against plaintiff were true, and, further, that they and each of them had reasonable and probable cause to believe, and did believe, that plaintiff had violated the union constitution. They assert many of its provisions, and the circumstances of the occasions of the alleged publications, in support of their position that those occasions were conditionally or qualifiedly privileged.

The trial court held that the statements pertinent to all causes of action were libelous or actionable *per se*, as a matter of law, and so instructed the jury. Defendants took no exception to this instruction regarding the first and third causes of action. Therefore, upon those communications, it states the law of this case.

Considering defendants' contention that the schedule involved in the second cause of action is not libelous or actionable *per se*, we find that one column in this publication details the expenditures in the financial secretary's office during twenty-eight and one-half months covered by the charges against plaintiff. Another column shows expenditures for the same items for a period of four and one-half months, during which that office was conducted by the trustees, after plaintiff was removed from it. From a comparison of the columns, a figure was reached which, according to the schedule, "represents estimated shortages between expenditures under the former Financial Secretary and Trustee's office experience." It was stated that:

"(Note) These figures are taken from the C. P. A.'s report on file in the office and admitted as evidence, Exhibit #12, during the Trial [of plaintiff within the union]."

A publication is libelous or actionable *per se,* if, among other things, it tends to harm one in his business or occupation (3 Restatement, Torts, 168, 179, §§ 569, comment e, 573, comment c), or imputes to him some criminal offense involving moral turpitude. See 3 Restatement, Torts, 169,

174, §§ 569, comment g, 571, comments e, f, g; *Ecuyer v. New York Life Ins. Co.*, 101 Wash. 247, 254, 172 Pac. 359 (1918); *Ecuyer v. New York Life Ins. Co.*, 107 Wash. 411, 416, 181 Pac. 871, 186 Pac. 327 (1919); *Ziebell v. Lumbermens Printing Co.*, 14 Wn. (2d) 261, 266, 127 P. (2d) 677 (1942), and cases and statute cited. The interest protected is the reputation of the one alleged to be defamed.

██ It is not necessary that the defamatory publication be in technical terms. It is sufficient if the language used imputes, to the recipient, the commission of a criminal offense by the one allegedly defamed. 3 Restatement, Torts, 172, § 571, comment c. See *Tennant v. F. C. Whitney & Sons*, 133 Wash. 581, 588, 234 Pac. 666 (1925). The inquiry is whether or not the words used are defamatory, in the sense in which they would be understood, correctly or mistakenly, but reasonably, by those to whom they are published. *Ziebell v. Lumbermens Printing Co., supra,* p. 268; 3 Restatement, Torts, 147, § 563. The language used, and all of the circumstances surrounding the publication which were known to the recipients, may be considered in determining how the words may have been understood by them. 3 Restatement, Torts, 149, § 563, comment e; *Ziebell v. Lumbermens Printing Co., supra,* p. 268.

██ The court must determine, as a matter of law, whether a communication is libelous *per se*, where reasonable minds cannot differ either upon the defamatory meaning of the communication, or the manner in which it was understood by its recipients. *Cf.* 3 Restatement, Torts, 304, 305, § 614, comment c. See *Arnold v. National Union of Marine Cooks and Stewards Ass'n*, 36 Wn. (2d) 557, 560, 219 P. (2d) 121 (1950), and cases cited.

██ In the case at bar, the publication in question was made to the members of the union, after the entire matter of plaintiff's claimed malfeasance as financial secretary had been before them for many months. While the evidence shows that the union later declined to state to the surety on plaintiff's fidelity bond that plaintiff had embezzled any union funds, upon receipt of the schedule the bonding com-

pany immediately investigated it as a claim against the bond. The communication could have had but one imputation to the union members and the bonding company. It was libelous *per se*, and the court's instruction was proper.

■■ The only defenses before us in this case are truth and qualified or conditional privilege. Truth is a complete defense in any action for civil libel. *Carey v. Hearst Publications,* 19 Wn. (2d) 655, 659, 143 P. (2d) 857 (1943); 3 Restatement, Torts, 216, § 582. In this case, the evidence upon this defense is in sharp conflict, and presents a proper question for the jury in each cause of action. No error is assigned upon any instruction in this regard. Considering the evidence and the reasonable inferences from it most favorably to the plaintiff, as we are obliged to do, we cannot say that a verdict adverse to defendants on this issue would not be supported by substantial evidence. Their assignments of error in regard to it are without merit.

■ Consideration of the defense of qualified or conditional privilege, is presented by defendants' assignment of error upon an instruction requiring the jury to determine whether or not the occasions of the publications in this case were so privileged. The evidence is not in dispute upon the nature of the occasion of each of the alleged defamatory publications, excepting that of the trustees' schedule, which we will consider later. Therefore, whether or not such occasions were privileged was a question for the court to determine, as a matter of law. 3 Restatement, Torts, 310, § 619; *Fahey v. Shafer,* 98 Wash. 517, 167 Pac. 1118 (1917); *Ecuyer v. New York Life Ins. Co., supra,* p. 256.

■ An occasion is conditionally or qualifiedly privileged when the circumstances are such as to lead any one of several persons having a common interest in a particular subject matter, correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know. 3 Restatement, Torts, 255, § 596; Newell, Slander and Libel (4th ed.) 460, § 432. The common interest of members of an unincorporated, nonprofit association, which the evidence shows the union to be, is sufficient to support a

privilege for communications among themselves concerning the qualifications of the officers and members, and their participation in the activities of the association. 3 Restatement, Torts, 257, § 596, comment d; Newell, Slander and Libel (4th ed.) 473, § 436; *Bass v. Matthews,* 69 Wash. 214, 216, 124 Pac. 384 (1912).

An association of this nature could not be conducted properly, or its members or officers disciplined, if such communications could not be said to be published upon conditionally or qualifiedly privileged occasions. Each of the individual members, including plaintiff and defendants, had that common interest, and also had an interest in the preservation of the funds under plaintiff's control as financial secretary. The communications under discussion pertained to these subjects, and were made only to union members. As a matter of law, the occasions of these publications were conditionally or qualifiedly privileged, and the court erred in not instructing the jury to that effect.

■■■ This defense is available, despite the fact that the publications were libelous or actionable *per se. Fahey v. Shafer, supra; Ecuyer v. New York Life Ins. Co., supra.* Whether or not this defense is available if the publications are found to be false, is not before us, because the court instructed the jury that it is, and that instruction, being free from exception, is the law of the case.

■■■ Stating that occasions are conditionally privileged, means that the protection which they give is conditioned upon or qualified by the manner in which the privilege is exercised. 3 Restatement, Torts, 264, § 599, comment a. The publisher is liable, if he abuses the occasion. 3 Restatement, Torts, 263, § 599. The publisher's malice, not ordinarily an essential element in an action for civil libel, becomes material in cases involving qualified or conditional privilege. It must be proved before there can be a recovery, and the burden of proof is upon plaintiff to establish it. *Ecuyer v. New York Life Ins. Co., supra,* p. 256.

■■■ A conditionally privileged occasion may be abused in many ways. See 3 Restatement, Torts, 264, § 600,

comment a. Only one of these is before us in this case. It is presented by defendants' challenge to an instruction given by the court, stating, in substance, that defendants alleged affirmatively that they had reasonable and probable cause to believe, and did believe, that plaintiff had not rendered a proper accounting of union funds entrusted to his care, and concluding:

"You are instructed, however, that you should disregard this claim of defense because it does not constitute a legal defense under our law. That a person has reasonable grounds to believe statements which he makes concerning another to be true and correct does not relieve him from liability in damages for what he says concerning that other."

In his argument to the jury, plaintiff's counsel quoted this instruction and emphasized its conclusion.

This instruction is not a correct statement of the law. 3 Restatement, Torts, 264, 265, §§ 600, 601; *Ecuyer v. New York Life Ins. Co., supra*, p. 258. It was contrary to, and was not corrected by, other instructions. There is a conflict in the evidence on the issue of defendants' belief in, and reason to believe, the truth of their statements, and it should have been submitted to the jury. 3 Restatement, Torts, 310, § 619. Upon a new trial of this case, the instructions upon this defense shall also direct the jury that, the privileged nature of the occasions having been established, the burden of proof is upon plaintiff on the issue of their abuse. 3 Restatement, Torts, 299, 302, § 613 (1) (g), comment f; *Ecuyer v. New York Life Ins. Co., supra*, p. 256. See Annotation, 54 A. L. R. 1143.

▮▮ Defendants contend that the occasion of the publication of the trustees' schedule, mentioned in plaintiff's second cause of action, also is privileged, as a matter of law. This would be correct, if the schedule had been published to none but union members and the bonding company. However, there is a conflict in the evidence on plaintiff's allegations that it was also published (a) by mailing it to a purported list of union members, which list included, in fact, the names of many persons who were not then members of the union, and (b) that the actual mimeographing

and mailing of this schedule were done by persons not members or employees of the union.

This conflict in the evidence requires the submission of this issue to the jury. Such publications, if made, are not within the scope of the privilege, because they were not necessary to the protection of any interest of defendants. 3 Restatement, Torts, 269, 270, § 604, comment a.

In this regard, the jury shall be instructed to determine whether or not the publications were made on either or both of the occasions described in (a) and (b), and, in the event they find that publication was made on either or both of those occasions, then, as to such occasion or occasions, they shall disregard the defense of conditional or qualified privilege, and consider only the defense of truth. If, however, they find that publication was not made on either or both occasions (a) and (b), they shall disregard such occasion or occasions, in their determination of the issue of defendants' liability. The burden of proof is upon plaintiff to establish the publications upon which he relies. 3 Restatement, Torts, 299, § 613.

▇▇▇▇▇▇ Defendant union contends that the judgment against it cannot be sustained because (1) it did not publish any of the alleged defamatory statements, (2) the trustees were not general agents of the union and their acts did not become the acts of the union, and (3), by voluntarily joining an association, the rules of which provide for the publication of the honest findings of investigators, plaintiff consented to the publication of the alleged defamatory statements against him. None of these issues is before us. The record does not show that the first and third were presented to the trial court, either by a proposed instruction or otherwise, and the proposition involved in the second was the subject of an instruction to which no exception was taken by defendants. We, therefore, cannot consider any of these contentions, and express no opinion upon them.

Defendants have made other assignments of error, but it is not necessary that we discuss them. They are upon rulings on the admission of evidence, which are not likely to

occur upon another trial; the amount of damages allowed, which now is immaterial; and the legality of plaintiff's ouster from his office in the union, which is not an issue in this case.

The judgment is reversed, and the cause remanded to the trial court, with instructions to grant defendants' motion for a new trial upon all causes of action.

SCHWELLENBACH, HILL, HAMLEY, and FINLEY, JJ., concur.

[1]Reported in 252 P. (2d) 259.