[No. 35220    *En Banc.*    October 27, 1960.]

DONALD SWARTZ, *Appellant*, v. WORLD PUBLISHING COMPANY, *Respondent*.[1]

[1]Reported in 356 P. (2d) 97.

*Lewis & Campbell*, for appellant.

*Earl W. Foster* and *Harvey F. Davis*, for respondent.

HILL, J.—The issue presented on this appeal is whether a certain news story is capable of a defamatory meaning.

Plaintiff alleged a libel from the defendant's publication of the following article:

"Moses Lake—Donald Swartz, 30, Moses Lake, electrician, was arrested at 2:20 a.m. Saturday by Sgt Kelly Rogers and Officer Dave Penn of the Moses Lake police on a drunk and disorderly charge.

"Sgt Kelly says investigation of the incident brought about the signing of a complaint by a 62-year-old Moses Lake woman charging Swartz with third degree assault and attempted robbery. Police say there have been four reports in recent weeks of attempted assault and robbery of elderly women in Moses Lake.

"Swartz was released after posting $1000 bond."

Each statement in the news story, taken separately, is now conceded to be true.

In the complaint (paragraph IV) it was charged,

"That said publication was false and defamatory in the following respect:

"1. That in fact the plaintiff Donald Swartz was never at any time charged with attempted robbery.

"2. That the statement in said publication to the effect that there have been four reports in recent weeks of attempted assault and robbery of elderly women in Moses Lake, infers and imputes these assaults and robberies to the plaintiff Donald Swartz and that said inference and imputation is false and malicious."

No special damages were asked, but general damages in the sum of fifty thousand dollars were alleged.

It was stipulated at the beginning of the trial that the allegation in (1), *supra*, might be stricken from the complaint, it being conceded that the plaintiff had been charged with attempted robbery.

The trial court concluded, when that allegation was stricken, the complaint did not state a cause of action, and entered an order of dismissal. The plaintiff appeals.

■ The applicable rule, as it appears in the Restatement of Torts, was recently quoted in *Purvis v. Bremer's, Inc.* (1959), 54 Wn. (2d) 743, 344 P. (2d) 705,

" '(1) The court determines whether a communication is capable of a defamatory meaning.

" '(2) The jury determines whether a communication, capable of a defamatory meaning, was so understood by its recipient.' " 3 Restatement, Torts, 304, § 614.
See, also, *MacLeod v. Tribune Publishing Co.* (1959), 52 Cal. (2d) 536, 546, 343 P. (2d) 36.

■ No reasonable person, reading the news story in the Wenatchee Daily World, could conclude therefrom that the defendant was imputing the reported attempted assaults on and robberies of elderly women to the plaintiff. This clearly comes within the category of cases where the communication is not capable of a defamatory meaning; and the trial court properly dismissed the action. See *Blende v. Hearst Publications* (1939), 200 Wash. 426, 93 P. (2d) 733; *McClure v. Review Publishing Co.* (1905), 38 Wash. 160, 80 Pac. 303.

Judgment of dismissal affirmed.

WEAVER, C. J., MALLERY, OTT, FOSTER, and HUNTER, JJ., concur.

DONWORTH, J. (dissenting)—If the two sentences in the third paragraph of the published article had been in separate paragraphs, I would have agreed with the holding of the majority that the news story was not capable of a defamatory meaning. However, a paragraph is generally considered to be a rhetorical unit dealing with a particular point of the subject, or a grouping of one or more sentences dealing with a single topic and closely related to each other. (Webster's New International Dictionary (2d ed.)).

Because of the unfortunate paragraphing of the article, I think that a reasonable person, reading the news story, might infer that the person named in the first sentence of the third paragraph was responsible for the reported and

hitherto unsolved similar crimes referred to in the second sentence of that paragraph. The publication is to be measured not so much by its effect, when subjected to the critical analysis of a mind trained in the law, as by the natural and probable effect upon the mind of the average reader. *MacLeod v. Tribune Publishing Co.*, 52 Cal. (2d) 536, 546, 343 P. (2d) 36 (1959); *Yelle v. Cowles Publishing Co.*, 46 Wn. (2d) 105, 110, 278 P. (2d) 671, 53 A. L. R. (2d) 1 (1955); *Ward v. Painters' Local Union*, 41 Wn. (2d) 859, 864, 252 P. (2d) 253 (1953); *Gaffney v. Scott Publishing Co.*, 35 Wn. (2d) 272, 277, 212 P. (2d) 817 (1949).

The case being before the trial court on a demurrer to the complaint, the plaintiff was entitled to the most favorable inferences that could be drawn therefrom. *Yelle v. Cowles Publishing Co., supra.* Therefore, whether the readers of the news story could reasonably have understood that these attempted assaults and robberies of elderly women were being imputed to the plaintiff was a question to be determined by a jury under proper instructions of the court.

As supporting authority, we need but to restate the quotation from the Restatement of Torts so recently quoted in *Purvis v. Bremer's, Inc.*, 54 Wn. (2d) 743, 344 P. (2d) 705 (1959):

" '(1) The court determines whether a communication is capable of a defamatory meaning.

" '(2) The jury determines whether a communication, capable of a defamatory meaning, was so understood by its recipient.' " 3 Restatement, Torts, 304, § 614.

See, also, *MacLeod v. Tribune Publishing Co., supra.*

If the jury should conclude, under proper instructions, that the news story was understood by its recipients as having such defamatory meaning, the libelous inference would necessarily be that the plaintiff was guilty of the criminal offenses of attempted assaults and robberies; and damage from such a libel is presumed, constituting it libel *per se*, hence no allegation of special damage was necessary. *Purvis v. Bremer's, Inc., supra.* Therefore, in my opinion, the action should not have been dismissed.

The judgment of dismissal should be reversed, and the cause remanded for trial.

FINLEY and ROSELLINI, JJ., concur with DONWORTH, J.

