[No. 7337-8-III. Division Three. December 11, 1986.]

DAVID L. PARRY, *Appellant,* v. GEORGE H. BROWN & ASSOCIATES, INC., ET AL, *Respondents.*

*Robert W. Bjur* and *Hovis, Cockrill, Weaver & Bjur,* for appellant.

*Jeffrey I. Tilden* and *Perkins, Coie, Stone, Olsen & Williams,* for respondents.

THOMPSON, J.—David L. Parry appeals the summary judgment dismissal of his libel suit. We affirm.

David L. Parry is a former general partner of Tedmon Properties V. Mr. Parry was also president of Tedmon & Assoc., Inc., which managed Tedmon Properties V. George H. Brown, Jr., is a general partner of Zillah Apple Partners, formerly Tedmon Properties V.

In March 1982, a consent decree was entered against John Tedmon and Tedmon & Assoc., Inc., in an administrative proceeding brought by the Securities Division, Department of Licensing of the State of Washington. One of the persons signing the consent decree was David L. Parry as president of Tedmon & Assoc., Inc. After the consent decree was entered into, Mr. Tedmon was removed as a general partner and Mr. Brown became a general partner in Tedmon Properties V, thereafter renamed Zillah Apple Partners. On September 17, 1984, Zillah Apple Partners instituted suit against Mr. Tedmon and Mr. Parry for

recovery of $172,000 pursuant to the consent decree.

On May 14, 1985, Mr. Brown sent a letter addressed to approximately 134 limited partners in Zillah Apple Partners. In one paragraph of the letter, Mr. Brown referred to the consent decree and the lawsuit stating: "the partnership has filed a lawsuit against the former General Partners, John Tedmon and David Parry in an attempt to recover the approximately $172,000 which Parry and Tedmon took from the partnership . . ."

Mr. Parry brought suit against Mr. Brown and George H. Brown & Associates, Inc., for libel and slander claiming that while Mr. Brown's letter referred to money taken by John Tedmon and David Parry, the consent decree only referred to money taken by Mr. Tedmon, though it required Mr. Tedmon and Tedmon & Assoc., Inc., to pay that money. David Parry was at that time the president of Tedmon & Assoc., Inc. He contends the letter damaged him in that many of the 134 limited partners to whom the letter was sent were potential business clients. Mr. Brown moved for summary judgment, arguing Mr. Parry could not, as a matter of law, establish the letter was an "unprivileged communication". The court granted Mr. Brown's motion and dismissed Mr. Parry's claim.

The issue is whether the trial court erred in granting summary judgment for Mr. Brown. A prima facie case of defamation and libel is established by showing: (1) falsity; (2) an unprivileged communication; (3) fault; (4) damages. *Mark v. Seattle Times*, 96 Wn.2d 473, 635 P.2d 1081 (1981), *cert. denied*, 457 U.S. 1124 (1982). At the time Mr. Brown made his motion for summary judgment, a plaintiff opposing such a motion had to show a prima facie case by a "convincing clarity" standard to avoid dismissal. However, in *Dunlap v. Wayne*, 105 Wn.2d 529, 535, 716 P.2d 842 (1986), the court distinguished between First Amendment concerns where private as opposed to public figures were involved. It concluded that, because speech on matters of purely private concerns deserves less First Amendment protection, a private individual suing a nonmedia defend-

ant for a statement about private concerns should not have to meet the *Mark v. Seattle Times, supra,* "convincing clarity" burden. Instead, the usual rules governing summary judgment control. As such, summary judgment is properly granted dismissing the plaintiff's libel case if no genuine issue of material fact exists when the evidence and all reasonable inferences from the evidence are considered in the light most favorable to plaintiff. *Dunlap,* at 535; CR 56(c); *Wendle v. Farrow,* 102 Wn.2d 380, 686 P.2d 480 (1984).[1] Here, the determinative issues center on whether Mr. Brown is correct in asserting that any falsity was shielded by a qualified privilege, and whether that privilege was lost by abuse.

Where facts are not in dispute as to the circumstances of a disputed communication, a determination of whether the publication was privileged is a question for the court to decide as a matter of law. *Ecuyer v. New York Life Ins. Co.,* 101 Wash. 247, 256, 172 P. 359 (1918); *Fahey v. Shafer,* 98 Wash. 517, 167 P. 1118 (1917). Here, the facts are not in dispute. Mr. Brown argues any one of three qualified privileges could properly be found to shield him from liability: (1) common interest; (2) protection of recipients' interest by one under a legal duty to provide the recipient information; (3) report of official proceedings.

A qualified privilege exists when circumstances are such as to lead persons having a common interest in the particular subject matter correctly or reasonably to believe that facts exist which another, sharing that common interest, is entitled to know. *Ward v. Painters, Local 300,* 41 Wn.2d 859, 865, 252 P.2d 253 (1953); Restatement (Second)

---

[1]The United States Supreme Court in *Anderson v. Liberty Lobby, Inc.,* ___ U.S. ___, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) held the evidentiary standard on summary judgment is governed by the substantive evidentiary standard applicable at the trial in a particular case. Thus, if plaintiff is a public figure or official, the "convincing clarity" standard is applied since this is the necessary burden at trial showing actual malice. However, where, as here, the substantive standard at trial does not include the higher burden, the preponderance of the evidence standard would apply under the First Amendment.

of Torts § 596 (1977). A communication among partners concerning a partnership lawsuit to recover money owed the partnership is clearly within this "common interest" area.

In addition, the common interest qualified privilege is available, even though the publication may be libelous per se, if it were concluded allegations contained in the disputed letter impugn Mr. Parry's business reputation. *Ward,* at 866. Because we determine the "common interest" test is met, we need not discuss Mr. Brown's alternative methods of finding a qualified privilege.

However, a qualified privilege may be lost by showing an abuse of the privilege. *Dunlap v. Wayne, supra* at 542; *Lillig v. Becton–Dickinson,* 105 Wn.2d 653, 658, 711 P.2d 1371 (1986); *Bender v. Seattle,* 99 Wn.2d 582, 601, 664 P.2d 492 (1983). Proof of knowledge or reckless disregard as to the falsity of a statement is required to establish abuse of a qualified privilege. *Guntheroth v. Rodaway,* 107 Wn.2d 170, 176 n.2, 727 P.2d 982 (1986); *Bender v. Seattle, supra* at 601–02; Restatement (Second) of Torts § 600, at 288 (1977). This standard is identical to that necessary to prove the element of fault in a defamation case where the plaintiff is a public official or public figure, *i.e.,* "actual malice". To prove actual malice, plaintiff must show that the defendant in fact entertained serious doubts as to the truth of the statement; it is not shown by a mere failure to reasonably investigate. *St. Amant v. Thompson,* 390 U.S. 727, 730–31, 20 L. Ed. 2d 262, 88 S. Ct. 1323, 1325 (1968); *Rye v. Seattle Times Co.,* 37 Wn. App. 45, 54–55, 678 P.2d 1282 (1984).

Here, no proof was offered that Mr. Brown had serious doubts as to the truth of the statement contained in the letter. As noted, the consent decree did not name Mr. Parry personally as a responsible party, nor did it in fact concede Mr. Parry personally took the $172,000 from the partnership. However, a reasonable person reading the consent decree, and noting Mr. Parry's involvement, might conclude he was responsible. While Mr. Parry may be correct as to the technical falsity of the letter, Mr. Brown could have

believed his statement was true since the partnership had, in fact, sued both Mr. Tedmon and Mr. Parry, and Mr. Parry signed the consent decree as president of Tedmon & Assoc., Inc. Proof of falsity alone cannot overcome the privilege. *Mark v. Seattle Times, supra* at 492. It cannot be said Mr. Brown acted recklessly, nor can it be said he acted with knowledge his statement to the limited partners was false.

Considering all the evidence and reasonable inferences therefrom in a light most favorable to Mr. Parry, he failed to create a genuine issue of fact regarding the requisite prima facie case element that Mr. Brown's statements were an unprivileged communication. Even though a libel plaintiff in a private figure defamation case need no longer meet the "convincing clarity" standard in resisting a motion for summary judgment, nevertheless, in this case even the lesser burden has not been met. Dismissal was appropriate.

Affirmed.

McINTURFF, A.C.J., and MUNSON, J., concur.