[No. 16957-0-III.   Division Three.   March 18, 1999.]

JEFF CORBALLY, *Appellant*, v. KENNEWICK SCHOOL DISTRICT, *Respondent*.

*Kristian E. Hedine*, for appellant.

*Don W. Schussler* of *Halverson & Applegate, P.S.*, for respondent.

BROWN, J. — Today we decide whether the trial court erred granting summary judgment to the Kennewick School District (District) against Jeff Corbally for his claims of (1) negligent investigation; (2) defamation; and (3) common law invasion of privacy. The underlying action stems from events surrounding Mr. Corbally's dismissal and later reinstatement by an arbitrator following the discovery of sexually explicit drawings he brought to school. We affirm the grant of summary judgment on the first two claims, but reverse on the third claim because *Reid v. Pierce County*, 136 Wn.2d 195, 961 P.2d 333 (1998) now recognizes an action for the common law invasion of privacy.

## FACTS

A substitute teacher allowed members of Mr. Corbally's

middle school art class to enter the storage room off of his classroom. The students found several sexually explicit drawings. When the District received complaints, it investigated. A few students alleged Mr. Corbally sexually harassed them. Based on its findings, the District terminated Mr. Corbally's employment contract. The local newspaper sought public disclosure of the District's investigation. Mr. Corbally's attempts to enjoin the disclosure failed. The newspaper then ran several articles on Mr. Corbally using the investigative materials ordered released by the court.

Mr. Corbally successfully arbitrated the dismissal under his collective bargaining agreement. The District was ordered to reinstate Mr. Corbally together with all benefits and wages lost, minus 30 days. After the ruling, the local newspaper ran a series of follow-up articles, containing statements by certain District officials including comments on their disappointment in the ruling and reluctance to reinstate Mr. Corbally to a teaching position.

Mr. Corbally then filed the underlying complaint against the District for negligent investigation, defamation and invasion of privacy. The court granted the District's motion for summary judgment. It concluded the tort claim for negligent investigation was not recognized in Washington, the District officials were not liable for the court-ordered release of information, and Washington did not recognize a separate claim for invasion of privacy. Mr. Corbally now appeals.

## ANALYSIS
### A. Negligent Investigation Claim

The issue is whether the trial court erred granting summary judgment against Mr. Corbally on his negligent investigation claim and concluding negligent investigation is not a recognized cause of action in Washington under these facts.

■ Appellate courts review summary judgment orders

de novo, engaging in the same inquiry as the trial court. *Chen v. State*, 86 Wn. App. 183, 187, 937 P.2d 612, *review denied*, 133 Wn.2d 1020 (1997). Summary judgment is appropriate if, after viewing the pleadings and record and drawing all reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact remain. *Higgins v. Stafford*, 123 Wn.2d 160, 168-69, 866 P.2d 31 (1994). When reasonable minds could reach but one conclusion regarding claims of disputed facts, such questions may be determined as a matter of law. *Ruffer v. St. Frances Cabrini Hosp.*, 56 Wn. App. 625, 628, 784 P.2d 1288, *review denied*, 114 Wn.2d 1023 (1990).

■ In general, a claim for negligent investigation is not cognizable under Washington law. *Fondren v. Klickitat County*, 79 Wn. App. 850, 862, 905 P.2d 928 (1995). This rule recognizes the chilling effect such claims would have on investigations. *Dever v. Fowler*, 63 Wn. App. 35, 45, 816 P.2d 1237 (1991), *review denied*, 118 Wn.2d 1028 (1992). An exception exists concerning Department of Social and Health Services (DSHS) caseworker investigations for sexual abuse cases. *See Babcock v. State*, 116 Wn.2d 596, 809 P.2d 143 (1991); *see Lesley v. Department of Soc. & Health Servs.*, 83 Wn. App. 263, 921 P.2d 1066 (1996), *review denied*, 131 Wn.2d 1026 (1997). No court has extended the DSHS caseworker exception. We decline to do so here.

Mr. Corbally argues *Lesley* establishes that a negligent investigation claim is permitted any time a statutory duty to investigate exists. It does not. Instead, the *Lesley* court reasoned "a specific statute provides that DSHS caseworkers have a duty to investigate." *Lesley*, 83 Wn. App. at 273 (citations omitted).

■ Mr. Corbally contends WAC 180-86-110 creates a duty for the District to investigate. We disagree. This section provides in part:

> When . . . a district superintendent . . . possesses sufficient reliable information to believe that a certificated employee

within such district . . . is not of good moral character or personally fit or has committed an act of unprofessional conduct, such superintendent . . . within a reasonable period of time of making such determination, shall file a written complaint with the superintendent of public instruction[.]

The plain language of WAC 180-86-110 does not establish a duty to investigate as did the statute in *Lesley*. Accordingly, we hold Mr. Corbally's negligent investigation claim was correctly dismissed.

## B. Defamation Claim

The issue is whether the trial court erred by granting summary judgment against Mr. Corbally on his defamation claim. He concedes the privileged nature of the material was derived from the court-ordered release of his investigation file. However, he contends the additional statements made by District administrators following the arbitration are not covered by absolute privilege. The standard of review is unchanged.

▇▇▇ "Proof of defamation requires a showing of (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages." *Clardy v. Cowles Publ'g Co.*, 81 Wn. App. 53, 57, 912 P.2d 1078 (1996). The degree of fault is negligence for a private person and actual malice for a public figure or public official. *Id.*; *Haueter v. Cowles Publ'g Co.*, 61 Wn. App. 572, 582, 811 P.2d 231 (1991). Mr. Corbally's conduct was that of a public official because it involved the manner in which he performed his teaching duties pursuant to public contract. To the extent the challenged statements merely express opinions or views on the arbitration ruling, they are not provable facts. Statements communicating ideas or opinions cannot support a defamation claim, as false ideas are not actionable. *Schmalenberg v. Tacoma News, Inc.*, 87 Wn. App. 579, 591, 943 P.2d 350 (1997), *review denied*, 134 Wn.2d 1013 (1998). The other comments merely concern the District's reluctance to return Mr. Corbally to the classroom. Mr. Corbally has failed to establish the falsity of

the expressed reluctance. However, assuming falsity for discussion we next review the trial court's decision the statements were privileged.

■ ■ Where facts are not in dispute as to the circumstances of the communication, the determination of whether the communication was privileged is a question of law. *Parry v. George H. Brown Assocs., Inc.*, 46 Wn. App. 193, 196, 730 P.2d 95 (1986). An absolute privilege applies to anyone "who is required by law to publish defamatory matter." RESTATEMENT (SECOND) OF TORTS § 592A (1986). To the extent the officials' statements were outside the materials the court ordered released, we must decide if a qualified privilege exists.

■ Absent abuse, a conditional or qualified privilege may arise when the publication is for the protection of the interest of the publisher, the recipient or a third person, persons sharing a common interest, family relationships, or when the matter is of public interest. *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 478-79, 564 P.2d 1131 (1977) (citing *Owens v. Scott Publ'g Co.*, 46 Wn.2d 666, 674, 284 P.2d 296 (1955), *cert. denied*, 350 U.S. 968 (1956)). If the defendant establishes a conditional or qualified privilege, then the burden shifts to the plaintiff to show abuse. *Owens*, 46 Wn.2d at 674. Here, several articles were published about Mr. Corbally's situation. It is reasonable to conclude the matter continued to be of public interest after the arbitrator's ruling. The District's response and future course of action are easily considered newsworthy. This is particularly true because the arbitrator did not find Mr. Corbally blameless, ruling instead that the District did not have just cause to terminate him.

■ A qualified privilege may be abused, and its protection lost, if the publication is made with malice, which, in this context, connotes ill will or absence of good faith. *Lillig v. Becton-Dickinson*, 105 Wn.2d 653, 657-58, 717 P.2d 1371 (1986). Here, the officials made general statements regarding the situation; they did not make specific personal attacks on Mr. Corbally. There is no evidence they acted in

bad faith or with ill will. On the other hand, Mr. Corbally has not produced evidence disputing the absence of malice or abuse of a qualified privilege. Accordingly, we conclude the trial court did not err dismissing the defamation claim.

## C. Common Law Privacy Claim

The issue is whether the trial court erred by granting summary judgment against Mr. Corbally on his common law privacy claim. In light of the recent Supreme Court opinion in *Reid v. Pierce County*, 136 Wn.2d 195, 961 P.2d 333 (1998), recognizing common law invasion of privacy claims, we asked the parties for additional briefing. The *Reid* court overruled *Doe v. Group Health Coop.*, 85 Wn. App. 213, 932 P.2d 178 (1997) to the extent it implied no such claim existed. *Reid*, 136 Wn.2d at 206. Specifically, the court stated: "So that no further confusion exists, we explicitly hold the common law right of privacy exists in this state and that individuals may bring a cause of action for invasion of that right." *Reid*, 136 Wn.2d at 206. Accordingly, we must reverse and remand for reconsideration because the trial court, without the benefit of *Reid*, concluded otherwise.

## CONCLUSION

We hold the trial court did not err when granting summary judgment to the District. No cause of action exists for negligent investigation under the circumstances here. The District is not liable for the court-ordered publication of its investigation or discussing its contents thereafter. Additionally, no evidence supports a breach of any qualified privilege that may arise under these circumstances. In view of the recent announcement of *Reid*, recognizing common law invasion of privacy claims, we must reverse the grant of summary judgment.

Affirmed in part, reversed and remanded in part.

SWEENEY and KATO, JJ., concur.

744

Reconsideration denied April 22, 1999.