**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JM MARTINAC SHIPBUILDING CORPORATION, | No. 08-35754 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01544-JCC |
| v. | MEMORANDUM [*] |
| THE STATE OF WASHINGTON, by and through its DEPARTMENT OF TRANSPORTATION; DOUGLAS B. MacDONALD, Secretary of Transportation, in his individual capacity; W. MICHAEL ANDERSON, Acting Assistant Secretary and Executive Director, WSF, in his individual capacity; SAMUEL J. KUNTZ, Chief Financial Officer, WSF, in his individual capacity; and LAURENS ZUIDWEG, Director of Vessel Engineering, WSF, in his individual capacity, | |
| Defendants - Appellees. | |

Appeal from the United States District Court

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted October 13, 2009
Seattle, Washington

Before:  CUDAHY, ** Senior Circuit Judge, and RAWLINSON and
CALLAHAN, Circuit Judges.

This action involves claims for relief that arise out of purported government misconduct and Martinac's failed bid to construct car ferries for Washington State's Department of Transportation (WSDOT) pursuant to Substitute House Bill (SHB) 1680. JM Martinac Shipbuilding Corporation (Martinac) challenges the district court's order dismissing all of its claims against WSDOT and several of its officials. We hold that the district court properly dismissed most of Martinac's claims, but that it erred in holding that Martinac's defamation and commercial disparagement claims (defamation claims) could not be subject to tolling pursuant to the discovery rule. On remand, the district court should allow discovery to determine whether the discovery rule applies to Martinac's defamation claims and

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

whether they may proceed based on actionable statements not protected by any governmental privilege. [1]

1.     The present action is not moot because Martinac seeks damages for past conduct. *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545, 559 (9th Cir. 2009) (internal citations omitted). Barring several exceptions not applicable here, even if a governing body repeals or amends the legislation about which the plaintiff complains, his action for damages for past conduct remains a live controversy. *See, e.g. Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. 1*, 551 U.S. 701, 719-20 (2007).

2.     Martinac's freestanding RICO claims fail because it did not adequately plead RICO standing. "Without a harm to a specific business or property interest – a categorical inquiry typically determined by reference to state law – there is no injury to business or property within the meaning of RICO." *See* 18 U.S.C. § 1964(c); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 975 (9th Cir. 2008)

---

[1] Because the RICO claims may survive based on injury related to the defamation claims, the district court may decide whether RICO claims may proceed on this basis and decline to exercise supplemental jurisdiction if they may not. Alternatively, it should retain jurisdiction and make further findings on the defamation claims before addressing the possible surviving RICO claims.

(quoting *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc), *cert. denied*, 546 U.S. 1311 (2006)). Washington does not allow suits for bid preparation costs for disgruntled bidders, and, therefore, Martinac has no RICO standing as determined by reference to state law. *Peerless Food Products, Inc. v. Washington*, 835 P.2d 1012, 1018-19 (Wash. 1992) (en banc); *see also Bellingham Am. Pub. Co. v. Bellingham Pub. Co.*, 258 P. 836, 837 (Wash. 1927).

**3.** The district court also properly dismissed as precluded Martinac's RICO and common law claims based on Appellees' actions upheld as proper by a state court. *See,* e.g., *Rains v. Washington*, 674 P.2d 165, 169 (Wash. 1983) (en banc). To the extent the challenged actions pre-date SHB 1680 or were not addressed in the state court ruling, they are not barred by collateral estoppel.

**4.** In Washington, defamation claims are subject to a two-year statute of limitations.[2] Wash. Rev. Code § 4.16.100(1). Martinac seeks to toll the statute of limitations through equitable tolling and the discovery rule. The district court properly determined that equitable tolling does not apply. Washington courts have not yet applied equitable tolling to defamation claims, and Martinac does not allege

---

[2] Neither party nor the district court made a meaningful distinction between the commercial disparagement and defamation claims, and this Memorandum will treat them identically.

that Appellees concealed their allegedly defamatory statements or lulled Martinac into failing to timely file its claims. *See, e.g.*, *Thompson v. Wilson*, 175 P.3d 1149, 1154 (Wash. Ct. App. 2008).

The district court improperly concluded that the discovery rule does not apply. The discovery rule may apply to Martinac's claims because it is unclear whether Martinac could have immediately known of the cause of its injuries. *See Matter of Estates of Hibbard*, 826 P.2d 690, 696 (Wash. 1992) (en banc); *see also Kittinger v. Boeing Co.*, 585 P.2d 812, 814-15 (Wash. Ct. App. 1978) (applying the discovery rule to a libel claim). Given that there is no indication that Martinac participated in the meetings or chains of correspondence in which the allegedly defamatory statements were made, and neither party contends that transcripts of the meetings or copies of the letters or reports were available to Martinac, it is unclear when Martinac learned of its injury. What a person should have known at the time is a question of fact, with the burden on the defendant. *See, e.g.*, *August v. U.S. Bancorp*, 190 P.3d 86, 93 (Wash. Ct. App. 2008) (citing *Mayer v. City of Seattle*, 10 P.3d 408, 413 (Wash. Ct. App. 2000)).

Because the district court found the claims time barred, it did not address Appellees' argument that the contested statements are absolutely privileged. *See*

5

*Liberty Bank of Seattle, Inc. v. Henderson*, 878 P.2d 1259, 1269 (Wash. Ct. App. 1994). Washington provides absolute immunity for high-ranking officials who make statements that have "more than a tenuous relation to his or her official capacity." *Aitken v. Reed*, 949 P.2d 441, 449 (Wash. Ct. App. 1998); *Stidham v. Wash.*, 637 P.2d 970, 972-73 (Wash. Ct. App. 1981). The existence of an absolute privilege is a question of law for the court. *Liberty Bank*, 878 P.2d at 1269. Inferior state officers are protected only by qualified privilege, and the plaintiff may show that the speaker lost his privilege through abuse. *See Wood v. Battle Ground Sch. Dist.*, 27 P.3d 1208, 1220 (Wash. Ct. App. 2001). A privilege is abused if the speaker knows that the statement is false or shows reckless disregard for its truth or falsity – *i.e.*, actual malice. *See id*. Martinac concedes that MacDonald and Anderson, the ex-Secretary of Transportation and Washington State Ferries ex-Executive Director, respectively, were senior government officials entitled to absolute immunity for statements more than tenuously related to their official capacity, but contends that Zuidweg, Director of Vessel Engineering and Kuntz, Chief Financial Officer, are not.

Most of the allegedly defamatory statements that Martinac identifies include statements to the legislature, the Governor, and a legislative delegation. These

6

statements by MacDonald are absolutely privileged. *See, e.g.*, WASH. REV. CODE §§ 47.01.101, 47.56.030 In addition, at least two statements appear to be non-actionable opinions: MacDonald's characterization of the Martinac proposal in his questions and Zuidweg's claim that he did not know enough about the proposal to answer questions. In contrast, MacDonald's statements made outside the 2003 meeting purportedly involved union representatives and unknown people in an informal setting, rather than in the course of a formal meeting with members of the Washington state government to whom MacDonald is statutorily required to report. We cannot conclude as a matter of law that these statements made in an informal setting are protected by an absolute privilege as more than tenuously connected to his official duties. The district court's decision on the defamation claims are remanded to allow further fact-finding pursuant to the discovery rule (depending on its choice as to the RICO claims as specified in footnote 1).

**5.** The district court properly dismissed Martinac's claims for intentional and wrongful interference with prospective economic advantage and civil conspiracy to commit the same. As discussed above, because Martinac cannot seek money damages for its bid preparation costs under *Peerless*, its wrongful interference claims were properly dismissed. *See, e.g.*, *See Pac. Nw. Shooting Park Ass'n v.*

*City of Sequim*, 144 P.3d 276, 281 n.2 (Wash. 2006) (listing the elements of wrongful interference).

**6.** The district court properly dismissed Martinac's fraud claims and properly exercised its discretion to decline to retain jurisdiction over them. Even if the *Peerless* line of cases did not bar Martinac from collecting damages related to the SHB 1680 bid process and bidding activities undertaken prior to SHB 1680's enactment, Martinac's fraud claims fail because Martinac does not adequately plead reliance. *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001) (listing the elements of fraud). Specifically, at no point does Martinac plead that it developed its 130-car ferry based on WSDOT's representations. In addition, the district court did not abuse its discretion in declining to retain any fraud claims that might be properly repleaded. A district court may properly decline supplemental jurisdiction once it has dismissed all claims over which it had original jurisdiction (here, the RICO claims). *See* 28 U.S.C. § 1367; *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1022 (9th Cir. 2004). If, however, Martinac does have viable defamation claims, the district court should consider whether these allow standing for RICO purposes and whether this holding changes the district court's discretionary determination regarding Martinac's request to replead the fraud claims.

8

**7.** The district court properly dismissed Martinac's negligence claims for failure to plead that Appellees' actions created a special relationship with Martinac. *See Babcock v. Mason County Fire Dist. No. 6*, 30 P.3d 1261, 1267, 1269-70 (Wash. 2001) (en banc).

**AFFIRMED** as to all claims except the defamation claims which are **REVERSED AND REMANDED** for further proceedings consistent with this memorandum.

*JM Martinac Shipbuilding Corp. v. Washington*, **No. 08-35754**
CALLAHAN, CIRCUIT JUDGE, concurring and dissenting:

I concur in the majority opinion to the extent that it affirms the district court's Rule 12(b)(6) dismissal of Martinac's complaint for failure to state a claim. I dissent from the majority's remand to the district court of Martinac's defamation and commercial disparagement claims (the "defamation claims.")

As to the defamation claims, I part company with the majority where it remands Martinac's defamation claims to the district court to determine whether the discovery rule saves the claims from the two-year statute-of-limitations.[1] *See* WASH. REV. CODE § 4.16.100(1). I would hold that we need not resolve the applicability of the discovery rule to the defamation claims, because all of the alleged statements in issue are either privileged or non-actionable opinions. *See Corbally v. Kennewick Sch. Dist.*, 973 P.2d 1074, 1077 (Wash. Ct. App. 1999) (non-actionable opinions); *Aitken v. Reed*, 949 P.2d 441, 449 (Wash. Ct. App. 1998) (absolute privilege).

The majority opinion identifies only one set of statements as not being privileged as a matter of law – Defendant MacDonald's statements made during

---

[1] I agree with the majority that equitable tolling is inapplicable because Martinac does not allege that Defendants acted with bad faith, acted deceptively, or offered false assurances that allowed the statute of limitations to lapse. *See Thompson v. Wilson*, 175 P.3d 1149, 1154 (Wash. Ct. App. 2008).

and outside of a 2003 meeting with Governor Gary Locke and representatives of labor unions. On remand, then, the district court need only determine whether the discovery rule applies to Defendant MacDonald's statements made at the 2003 meeting.

I would hold that MacDonald's statements at the 2003 meeting are privileged. To receive absolute immunity under Washington law, a government official (1) must be within the class of officials absolutely entitled to publish defamatory matter; and (2) his or her statements must have more than a tenuous relation to the individual's official capacity. *Liberty Bank of Seattle, Inc. v. Henderson*, 878 P.2d 1259, 1268-69 (Wash. Ct. App. 1994). The majority agrees that MacDonald is a "senior government official entitled to absolute immunity for statements tenuously related to [his] official capacity." Majority Opinion at 8. Our difference, then, concerns whether MacDonald's statements at the 2003 meeting were unrelated to his official capacity.

Martinac's allegations in the Complaint show that MacDonald's alleged statements are related to his position. MacDonald, as Secretary of Transportation, is authorized to advise the governor and legislature with respect to matters under his department's jurisdiction. WASH. REV. CODE § 47.01.101. Accordingly, when MacDonald met with the governor to discuss the failure of Referendum 51 (concerning a proposed transportation plan), Compl. ¶ 67, the meeting had more

than a tenuous relation to MacDonald's official capacity, even if representatives of labor unions and others were involved. MacDonald's immunity also extends to his comments to the governor about Martinac, and other aspects of his department's ferry procurement work. The majority cites no authority for its implication that the presence of union officials or other third parties deprives a state official's statement of its immunity under Washington law, and I know of no such authority.[2] Accordingly, I would hold that third parties' presence is irrelevant, and MacDonald's statements made at the 2003 meeting are absolutely privileged.

Since I would affirm the district court in its entirety, I dissent from the majority's remand of Martinac's defamation claims.

---

[2] To rule that an official's statements are not privileged if made in the presence of anyone other than parties to whom the official has the duty to report seems impractical. For instance, if the Secretary of Transportation addressed the Washington legislature about his department's work, all members of the public would have to leave the chambers in order for the Secretary to retain his absolute privilege against defamation liability.