CALLAHAN, Circuit Judge,
concurring and dissenting:
I concur in the majority opinion to the extent that it affirms the district court’s Rule 12(b)(6) dismissal of Martinac’s complaint for failure to state a claim. I dissent from the majority’s remand to the district court of Martinac’s defamation and commercial disparagement claims (the “defamation claims.”)
As to the defamation claims, I part company with the majority where it remands Martinac’s defamation claims to the district court to determine whether the discovery rule saves the claims from the two-year statute-of-limitations.[1] See Wash. Rev.Code § 4.16.100(1). I would hold that we need not resolve the applicability of the discovery rule to the defamation claims, because all of the alleged statements in issue are either privileged or non-actionable opinions. See Corbally v. Kennewick Sch. Disk, 94 Wash.App. 736, 973 P.2d 1074, 1077 (Wash.Ct.App.1999) (non-actionable opinions); Aitken v. Reed, 89 Wash.App. 474, 949 P.2d 441, 449 (Wash.Ct.App.1998) (absolute privilege).
The majority opinion identifies only one set of statements as not being privileged as a matter of law — -Defendant MacDonald’s statements made during and outside of a 2003 meeting with Governor Gary Locke and representatives of labor unions. On remand, then, the district court need only determine whether the discovery rule applies to Defendant MacDonald’s statements made at the 2003 meeting.
*534 I would hold that MacDonald’s statements at the 2003 meeting are privileged. To receive absolute immunity under Washington law, a government official (1) must be within the class of officials absolutely entitled to publish defamatory matter; and (2) his or her statements must have more than a tenuous relation to the individual’s official capacity. Liberty Bank of Seattle, Inc. v. Henderson, 75 Wash.App. 546, 878 P.2d 1259, 1268-69 (Wash.Ct.App.1994). The majority agrees that MacDonald is a “senior government official entitled to absolute immunity for statements tenuously related to [his] official capacity.” Majority Opinion at 532. Our difference, then, concerns whether MacDonald’s statements at the 2003 meeting were unrelated to his official capacity.
Martinac’s allegations in the Complaint show that MacDonald’s alleged statements are related to his position. MacDonald, as Secretary of Transportation, is authorized to advise the governor and legislature with respect to matters under his department’s jurisdiction. Wash. Rev.Code § 47.01.101. Accordingly, when MacDonald met with the governor to discuss the failure of Referendum 51 (concerning a proposed transportation plan), Compl. ¶ 67, the meeting had moi’e than a tenuous relation to MacDonald’s official capacity, even if representatives of labor unions and others were involved. MacDonald’s immunity also extends to his comments to the governor about Martinac, and other aspects of his department’s ferry procurement work. The majority cites no authority for its implication that the presence of union officials or other third parties deprives a state official’s statement of its immunity under Washington law, and I know of no such authority.[2] Accordingly, I would hold that third parties’ presence is irrelevant, and MacDonald’s statements made at the 2003 meeting are absolutely privileged.
Since I would affirm the district court in its entirety, I dissent from the majority’s remand of Martinac’s defamation claims.

. I agree with the majority that equitable tolling is inapplicable because Martinac does not allege that Defendants acted with bad faith, acted deceptively, or offered false assurances that allowed the statute of limitations to lapse. See Thompson v. Wilson, 142 Wash.App. 803, 175 P.3d 1149, 1154 (Wash.Ct.App.2008).

. To rule that an official’s statements are not privileged if made in the presence of anyone other than parties to whom the official has the duty to report seems impractical. For instance, if the Secretary of Transportation addressed the Washington legislature about his department’s work, all members of the public would have to leave the chambers in order for the Secretary to retain his absolute privilege against defamation liability.