MEMORANDUM *
Plaintiffs Eric Reiber (“Reiber”) and his co-Plaintiffs Rudy Fisher, Christopher Wehrung, Christopher Volk, John Golln-ick, and Jason Wilkins (“co-Plaintiffs”) (collectively “Plaintiffs”) appeal the district court’s grant of judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and partial summary judgment in favor of Defendants. Plaintiffs, firefighters with the Pullman City Fire Department, filed this lawsuit against the City of Pullman and several individuals (collectively “Defendants”) stemming from the investigation of a hostile work environment complaint against Reiber and a complaint of retaliation against Reiber and his co-Plaintiffs. As a result of the investigations, Plaintiffs were subject to various forms of discipline. The district court granted summary judgment on all of Plaintiffs’ federal constitutional and state law tort claims. Plaintiffs’ retaliation claims under Title VII, 42 U.S.C. § 2000e, et seq., and the Washington Law against Discrimination (“WLAD”), Wash. Rev. Code § 49.60.210, proceeded to trial. After the jury returned a verdict[1] in favor of Reiber under the WLAD and in favor of his co-Plaintiffs under both statutes, the court granted the Defendants’ renewed Rule 50(b) motion and entered judgment in favor of Defendants. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. We review de novo a grant of judgment as a matter of law under Rule 50(b). Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 999 (9th Cir.2008). The question is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion that is contrary to the jury’s verdict. Martin v. Cal. Dep’t of Veterans Affairs, 560 F.3d 1042, 1046 (9th Cir.2009).
2. Both Title VII and WLAD retaliation claims require a plaintiff to establish three elements: the plaintiff engaged in a protected activity, the plaintiff suffered an adverse employment action, and there was a causal relationship between the two. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir.2000); Milligan v. Thompson, 110 Wash.App. 628, 42 P.3d 418, 424 (2002). Under both federal and Washington law, engaging in protected activity may include opposing a practice or participating in an investigation. 42 U.S.C. § 2000e-3(a); Wash. Rev.Code § 49.60.210(1).
3. Reiber alleged that Defendants retaliated against him when they investigated a sexually hostile work environment complaint and the later complaint of retaliation. There was no evidence at trial, however, that Reiber engaged in any protected activity that predated either investigation. Although the scope of the WLAD’s participation clause, Wash. Rev. Code § 49.60.210(1), is unsettled, we need not decide whether it applies to an employer’s internal investigation because Reiber did not participate in any investigation or other proceeding before the City of Pullman began to investigate him. Further, there was no evidence that Reiber opposed anything before he was investigated. *591 Nothing in the trial transcript even suggests that Reiber “ha[d] an objectively reasonable belief [that his] employer ... violated the law.” Ellis v. City of Seattle, 142 Wash.2d 450, 13 P.3d 1065, 1071 (2001).
4.Further, there was no evidence at trial that retaliation was a “substantial factor” in Reiber’s discipline. See Allison v. Hous. Auth., 118 Wash.2d 79, 821 P.2d 34, 42 (1991). The City’s investigation and subsequent discipline of Reiber were based on complaints and allegations that Reiber largely did not dispute.
5. The co-Plaintiffs’ retaliation claims also fail on the causation element. Employers are “subject to a strong inducement to ferret out and put a stop to any discriminatory activity in their operations.” Crawford v. Metro. Gov’t of Nashville & Davidson Cnty., 555 U.S. 271, 278, 129 S.Ct. 846, 172 L.Ed.2d 650 (2009). The retaliation complaints against the co-Plaintiffs were based on letters they had written in support of Reiber’s response to Chief Wilkins’s initial disciplinary notice. Taking the evidence in the light most favorable to Plaintiffs, as we must under Rule 50(b), we agree with the district court that there was no evidence before the jury that retaliatory motive was the but-for cause of the investigations, see Univ. of Tex. Sw. Med. Ctr. v. Nassar, — U.S. -, 133 S.Ct. 2517, 2534,186 L.Ed.2d 503 (2013) (Title VII), or a substantial factor in causing the investigations, see Allison, 821 P.2d at 42 (WLAD). In sum, the evidence at trial was insufficient, as a matter of law, to establish that Reiber and his co-Plaintiffs were subject to unlawful retaliation under Title VII or the WLAD.
6.We review de novo the district court’s decision to grant summary judgment. Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir.2011). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004).
7. Reiber argues that the district court improperly granted summary judgment on his Fourteenth Amendment procedural due process claim. Assuming, but not deciding, that Reiber had a property interest in his employment, he was entitled to “oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Because Reiber was able to submit a comprehensive rebuttal before Chief Wilkins imposed final discipline, and because Reiber was offered several opportunities for additional process after the Loudermill hearing, the district court did not err in granting summary judgment in favor of Defendants on this issue.
8. Reiber argues that the district court improperly granted summary judgment on his Fourteenth Amendment liberty interest claim in his professional reputation. We disagree. It is undisputed that Reiber was provided multiple “name-clearing” hearing opportunities. See Cox v. Roskelley, 359 F.3d 1105, 1110 (9th Cir.2004).
9. Our review of the co-Plaintiffs’ First Amendment claims is “limited to the public concern inquiry” because the district court’s analysis ended there. See Desrochers v. City of San Bernardino, 572 F.3d 703, 709 (9th Cir.2009). We affirm the district court’s grant of summary judgment because Plaintiffs produced no evidence of “failed ... efforts, ... botched investigations,” professional incompetence, *592 or even “someone d[oing] his job poorly.” See id. at 711-12.
10. The Plaintiffs argue that .the district court improperly granted summary judgment on their equal protection claim. Because a class of one claim has “no application in the public employment context,” Engquist v. Or. Dep’t of Agric., 553 U.S. 591, 607, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008), only a selective prosecution claim remains. Yet there was no evidence that some “impermissible ground” divided Reiber and his supporters (including co-Plaintiffs) from his accusers, Lacey v. Maricopa Cnty., 693 F.3d 896, 922 (9th Cir.2012) (en banc), or that Reiber’s accusers were “similarly situated” to Plaintiffs,. United States v. Armstrong, 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Thus, we affirm the district court’s grant of summary judgment on the Plaintiffs’ equal protection claim.
11. We affirm the district court’s grant of summary judgment on Reiber’s claim of outrage because Reiber presented no evidence of “extreme and outrageous conduct” that “go[es] beyond all possible bounds of decency, and [is] regarded as atrocious and utterly intolerable in a civilized community.” Corey v. Pierce Cnty., 154 Wash.App. 752, 225 P.3d 367, 374 (2010) (quoting Dicomes v. State, 113 Wash.2d 612, 782 P.2d 1002 (1989) and Grimsby v. Samson, 85 Wash.2d 52, 530 P.2d 291, 295 (1975)).
12. We affirm the district court’s grant of summary judgment on Plaintiffs’ defamation, defamation by implication, and false light claims. A conditional privilege applies to these claims, as the Defendants shared facts they “correctly or reasonably” believed to exist with others with “a common interest” in that subject matter. Ward v. Painters’ Local Union No. 300, 41 Wash.2d 859, 252 P.2d 253, 257 (1953); see also Lawson v. Boeing Co., 58 Wash.App. 261, 792 P.2d 545, 549 (1990) (applying the privilege to an employment misconduct investigation, even assuming the underlying allegations are false). Establishing abuse of the privilege requires “[p]roof of knowledge of, or reckless disregard as to, the falsity of the statements.” Lawson, 792 P.2d at 549. Here, Plaintiffs presented no evidence that would create a genuine issue of material fact regarding whether Defendants abused the privilege.
13. We do not consider any aiding and abetting claim because Plaintiffs have waived it by not addressing the issue in district court. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992).
14. To establish a civil conspiracy in Washington State, the plaintiff must show that (1) “two or more persons combine[d] to accomplish an unlawful purpose or ... accomplish some purpose not in itself unlawful by unlawful means,” and (2) that the alleged coconspirators “entered into an [a]greement to accomplish the object of the conspiracy.” Corbit v. J.I. Case Co., 70 Wash.2d 522, 424 P.2d 290, 295 (1967); see also 16A Wash. Prac., Tort Law and Prao-tice § 23:1 (4th ed.). Because we affirm the district court’s rulings on the Rule 50(b) motion and on summary judgment, Plaintiffs presented insufficient evidence of “unlawful purpose” or “unlawful means” to survive summary judgment. See Corbit, 424 P.2d at 295.
15. The district court’s denial of a motion for reconsideration is reviewed for abuse of discretion. Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1211 (9th Cir.2012).
16. Reconsideration is appropriate if there is “newly discovered evidence,” if the district court “committed clear error or the initial decision is manifestly unjust,” or if there is an “intervening change in con *593 trolling law.” Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993). Because none of the circumstances that would warrant reconsideration exist, we affirm the district court’s decision not to reconsider its grant of partial summary judgment.
17. In light of our affirmance of the district court’s rulings, Plaintiffs’ request for attorney’s fees is moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The jury found only the City of Pullman and the Estate of Patrick Wilkins liable.